Slater *v.* Board of Appeals of Brookline.

═══════

ALVIN J. SLATER *vs.* BOARD OF APPEALS OF BROOKLINE.

Norfolk.   December 9, 1965. — January 4, 1966.

Present: WILKINS, C.J., SPALDING, WHITTEMORE, KIRK, & SPIEGEL, JJ.

*Zoning,* Special permit, Parking.

Under a zoning by-law providing for issuance of a special permit for the use of land for "Residential parking . . . area . . . solely for the storage of cars of residents of other lots located within 400 feet . . . when found by the Board of Appeals to be necessary . . . to provide off-street parking for such vehicles," the board would have no discretionary power to withhold a special permit to use a particular lot for necessary parking on the sole ground that other land was available and was more appropriate for parking. [73]

Slater *v.* Board of Appeals of Brookline.

A zoning board of appeals may not refuse to issue a special permit for reasons unrelated to the standards established by the zoning by-law or ordinance for the exercise of its judgment.   [73]

In a suit in equity under G. L. c. 40A, § 21, by a landowner by way of appeal from a decision by a town's zoning board of appeals denying an application by the landowner for a special permit allowing use of his property as an off-street parking lot, where it appeared that by reason of a misconstruction by the board of a requirement in the zoning by-law of necessity for the off-street parking the board had not made a finding of necessity and also had failed to make a required finding whether the site proposed for the parking was appropriate, and that the trial judge on the evidence before him ruled in effect that the necessity existed and that the site proposed was appropriate and entered a decree annulling the board's decision, the judge's rulings were set aside on appeal and the final decree was ordered to be modified by adding a direction that the board reconsider the landowner's application.   [74]

BILL IN EQUITY filed in the Superior Court on April 22, 1964.

The suit was heard by *Gourdin, J.*

*Jerome D. Goodman* (*Phillip Cowin,* Town Counsel, with him) for the defendant.

*Joseph M. Cohen* for the plaintiff.

WHITTEMORE, J.   This is a suit in equity in the Superior Court under G. L. c. 40A, § 21, by way of appeal from a decision of the board of appeals of the town of Brookline denying to the plaintiff a special permit to use his premises at 117 Babcock Street as a parking lot for the automobiles of residents of his property on the other side of the street at 120–126 Babcock Street.   The judge ruled that the board had exceeded its authority and the final decree annulled the board's decision.

The board acted under the following provisions of the zoning by-law applicable in the multiple family residence zone in which the plaintiff's properties are located:

Section 4.00.   ''Except as provided by law or in this By-law, in each district no building, structure, or land shall be used or occupied except for the purposes permitted in the district in the Section of this Article applicable thereto.''

Section 4.10 (b)   ''A use listed in Section 4.30 may be permitted if the Board of Appeals so determines and issues a special permit therefor as provided in Article 9 . . .

subject to such requirements as may be specified in Section 4.30, and such further restrictions as said Board may establish.''

Section 4.30, par. 22. ''Residential parking garage or parking area, whether as the sole use of a lot or as a secondary use, solely for the storage of cars of residents of other lots located within 400 feet and within the same district, when found by the Board of Appeals to be necessary in residence districts to provide off-street parking for such vehicles.''

Section 9.5 (a) ''The Board of Appeals shall not approve any such application for a special permit unless it finds that in its judgment all the following conditions are met: (1) The specific site is an appropriate location for such a use, structure, or condition. (2) The use as developed will not adversely affect the neighborhood. (3) There will be no nuisance or serious hazard to vehicles or pedestrians. (4) Adequate and appropriate facilities will be provided for the proper operation of the proposed use.''

The board found that the lot at 117 Babcock Street was less than 400 feet from the premises at 120–126 Babcock Street. It also found that a lot at 134 Babcock Street is owned by the applicant (the plaintiff) and is adjacent to 120–126 Babcock Street and ''[i]f . . . [it] is available,'' the plaintiff, seemingly, had it within his power to use it, and the refusal of the applicant, ''who has the burden of proof to explain why this could not be done throws doubt on the necessity of using number 117 for accessory parking.'' Not finding ''the proposed parking . . . to be necessary,'' the board ruled that it need not decide on ''the conflicting evidence'' whether the requirements of § 9.5 (a) had been met.

The evidence before the judge showed that a dwelling house used as a fraternity house was standing on the lot at 134 Babcock Street and that the plaintiff did not want to take it down. Further, that there was a building on the lot at 117 Babcock Street that was in poor condition which the plaintiff did want to tear down. The need to provide a parking area for the occupants of 120–126 Babcock Street

arose from the taking, for a new fire station site, of the parking lot previously in use.

The evidence also tended to show that 117 Babcock Street was an appropriate location, that parking use would not adversely affect the neighborhood, that there would be no nuisance or serious hazard to vehicles or pedestrians and that adequate and appropriate facilities would be provided. The planning board report to the board of appeals, required by § 9.4 of the by-law, recommended design changes that would be helpful and landscaping that would be desirable. The plaintiff testified that he was willing to conform to those suggestions if requested. The planning board report recorded the view that "it is clearly desirable to provide off-street parking for the building at 120–126 Babcock St."

The contention of the board of appeals is, not that parking for 120–126 Babcock Street was not "necessary" within the general meaning of the term in § 4.30, par. 22, but rather that there was no necessity in the particular case because of the plaintiff's better facilities elsewhere.

The board misconstrued the by-law. Under it, an appropriate lot, meeting the other requirements of § 9.5 (a), is zoned for residential parking use provided (a) the owner applies for such use; (b) the board finds that the use of appropriate land is necessary to furnish off-street parking for the automobiles of residents living within 400 feet; and (c) the board issues a special permit. It is immaterial whether a lot adjacent to the lot to be served, if made available by razing a building thereon, might be a more appropriate lot. The lot at 134 Babcock Street was not available or appropriate and the plaintiff was right that he was not required to act to make it so or to show the board why he did not wish to. There was no discretionary power in the board to withhold a permit for the reason given. The board may not refuse to issue a permit for reasons unrelated to the standards of the by-law for the exercise of its judgment. *Mahoney* v. *Board of Appeals of Winchester,* 344 Mass. 598.

The judge rightly ruled that the board should have considered the application under § 9.5 (a) of the by-law. He also ruled that the board "should have found that a necessity for off-street parking existed in this area." We hold that, more precisely, the board should have determined necessity on the evidence before it excluding consideration of 134 Babcock Street. Although the evidence before the court strongly indicated that necessity existed, the factual determination in the first instance is for the board. The judge also ruled that the site is appropriate as a matter of law. It was clearly appropriate on the evidence before him, but, again, this, in the first instance, is a factual determination for the board. The rulings as to necessity and appropriateness are set aside. The final decree is to be modified by adding thereto the direction that the board reconsider the plaintiff's application in the light of this opinion. As so modified the final decree is affirmed.

*So ordered.*