JOHN M. BOTTOMLEY, trustee, *vs.* BOARD OF APPEALS OF YARMOUTH.

Barnstable.    May 6, 1968. — June 13, 1968.

Present: WILKINS, C.J., SPALDING, CUTTER, SPIEGEL, & REARDON, JJ.

*Zoning, Variance.*

In a suit in equity under G. L. c. 40A, § 21, by way of appeal from a decision of a town's zoning board of appeals denying an application for a variance authorizing a division into six apartments of a large dwelling house located in a one or two family dwelling zoning district, a decree ordering the board to grant the variance, entered after the judge had concluded that the board's decision was "unreasonable, arbitrary and capricious," was erroneous and must be reversed, and a new decree entered sustaining the decision of the board, both because the judge failed to find that any substantial hardship from a literal enforcement of the zoning by-law was "owing to conditions especially affecting such . . . [property] but not affecting generally . . . [such] zoning district" and because the judge's conclusion was not supported by his findings.

BILL IN EQUITY filed in the Superior Court on April 13, 1965.

The suit was heard by *Ponte, J.*

*John Owen Hart* for the defendant.

*Selwyn I. Braudy* for the plaintiff.

SPALDING, J.    This is a bill in equity under G. L. c. 40A,

---

§ 21, inserted by St. 1954, c. 368, § 2, by way of appeal from a decision of the board of appeals of the town of Yarmouth refusing to grant to the plaintiff a variance permitting him to divide a residence into six apartments. The judge ordered the board to grant a variance and the board appealed. The judge made a report of the material facts found by him. The evidence is reported.

The plaintiff is trustee of the Bottomley Trust, which is the owner of a residence (hereinafter called the residence) in the town of Yarmouth. The residence is located in a district zoned for residences. Section II of the town's zoning by-law provides in part as follows: "In a residence district no building or premises shall be erected, altered or used for any purpose except: 1. One or two family dwelling. . . . 2. The taking of boarders or leasing of rooms by a family resident in the dwelling. . . . 8. Any of the following uses, on approval of the Board of Appeals: (f) . . . a guest house taking five or more people or motel."

When the plaintiff purchased the residence, he intended it for a home for his elderly father, mother, father-in-law, and three aunts. After the plaintiff had spent approximately $24,000 on the residence, the contemplated use was no longer feasible for the reason that five of the intended occupants had died, and the sixth was confined to a hospital.

One of the reasons assigned by the board for denying the variance was that "[i]t did not appear that the land in question was substantially different . . . [from] the rest of the area in which it was zoned."

The judge took a view and his findings include the following: The "residential area where the Bottomley residence is located is approximately 600 feet wide. It is within 600 feet of the business area of the Town of Yarmouth and within 600 feet of a factory in an industrial area." In the immediate neighborhood there are guest houses, apartment houses, a plumbing business, a civil engineer's office, a wire factory and a "rather busy doctor's office." [1] Business areas

---

[1] It does not appear either from the findings or the evidence that any of these uses were in the district zoned for residences.

abut the Bottomley residence on two sides. "The use of the dwelling as six apartments would not alter or change the character or appearance of the neighborhood," and "[a] literal enforcement of . . . the zoning by-laws involves substantial hardship, . . . in that twenty-four thousand dollars . . . has already been invested, the twenty-room dwelling with ten baths can not practically be used as either a one or two family dwelling and annual real estate taxes will be payable." The judge concluded that the board's denial of the plaintiff's application for a variance was "unreasonable, arbitrary and capricious."

We are of opinion that this case is controlled by our decision in *Ferrante* v. *Board of Appeals of Northampton*, 345 Mass. 158, where we said at page 161: "It is settled that, before a variance may be granted, all the requirements of G. L. c. 40A, § 15, must be met. . . . One of the provisions of § 15 is that a variance may be granted only where, 'owing to conditions especially affecting such parcel or such building but not affecting generally the zoning district in which it is located, a literal enforcement of the provisions of the ordinance or by-law would involve substantial hardship, financial or otherwise to the appellant.' The judge failed to find specifically that the variance should be granted 'owing to conditions especially affecting such parcel,' and the decree, therefore, is defective." The present decree is defective for the same reason, as it purports to order the granting of a variance without the specific finding that conditions existed especially affecting such parcel. What was said by Qua, C.J., in the leading case of *Pendergast* v. *Board of Appeals of Barnstable*, 331 Mass. 555, 559, 560, is pertinent. "We think no one has a legal right to a variance. If a case should come to us in which an owner had been denied a variance solely upon a legally untenable ground and the board should indicate that except for that ground the variance would have been granted, perhaps the court could give relief. But no such case is before us. Neither have we before us a case where the decision of the board is unreasonable, whimsical, capricious, or arbitrary and so il-

legal. We make no implication as to such a case, if such a case can arise. . . . Whether a variance ought to be granted was an administrative question upon which reasonable persons might differ." We are of opinion that the decree below cannot stand because of the failure of the judge to make the necessary finding discussed above, and because it cannot be said that the board's decision was "unreasonable, arbitrary and capricious."

The final decree is reversed and a decree is to be entered stating that the decision of the board did not exceed its authority, that no modification of its decision is required, and that the clerk of the court within thirty days after the entry of the decree send an attested copy thereof to the board.

*So ordered.*