GULF OIL CORPORATION *vs.* BOARD OF APPEALS OF FRAMINGHAM.

Middlesex.    December 5, 1968. — January 31, 1969.

Present: WILKINS, C.J., CUTTER, KIRK, SPIEGEL, & REARDON, JJ.

*Zoning*, Special permit.

A decision of a town's zoning board of appeals denying a special permit for a gasoline service station in the exercise of the discretion conferred on the board by G. L. c. 40A, § 4, and the town's zoning by-law was not to be annulled as arbitrary and unreasonable in a suit in equity by way of appeal therefrom under § 21 merely because the judge found the facts which the by-law made prerequisites to the granting of the permit. [277–278]

A zoning board of appeals, in passing upon an application for a special permit, may give reasonable consideration to the "possible future development" of the area in which the premises involved are located. [278]

BILL IN EQUITY filed in the Superior Court on August 11, 1967.

The suit was heard by *Chmielinski*, J.

*Avram G. Hammer (Joseph H. Lewis* with him) for the defendant.

*Victor H. Galvani* for the plaintiff.

SPIEGEL, J. This is a bill in equity by way of an appeal under G. L. c. 40A, § 21, from a decision of the board of appeals of the town of Framingham (board) denying Gulf Oil Corporation (Gulf) a special permit to construct a gasoline service station within a "business district zone." The board appealed from a final decree annulling its decision and directing the issuance of the permit. The judge filed "Findings, Rulings and Order for Decree" which he subsequently adopted as a report of material facts. The evidence is reported.

We state the pertinent findings of the judge. "[T]he locus of the proposed gasoline [service] station is situated in a deteriorating neighborhood. . . . [T]he character of the business is of such [a] nature that it would not adversely affect the property values in said neighborhood and . . . a gasoline [service] station per se would not materially affect traffic flow and cause congestion in the immediate vicinity. . . . [T]he construction of a modern up-to-date gasoline [service] station with the added facility of the Massachusetts Automotive Inspection station will confer a substantial benefit to the public." The judge ruled that the action of the board denying the permit was "arbitrary and capricious."

General Laws c. 40A, § 4, as amended through St. 1966, c. 199, provides in pertinent part that a "zoning ordinance or by-law *may provide* that exceptions *may be allowed* to the regulations and restrictions contained therein . . . . Such exceptions shall be in harmony with the general purpose and intent of the ordinance or by-law and may be subject to general or specific rules therein contained. The board of appeals . . . *may,* in appropriate cases and subject to appropriate conditions and safeguards, grant to an applicant a special permit to make use of his land or to erect and maintain buildings or other structures thereon in accordance with such an exception" (emphasis supplied).

The zoning by-law of Framingham allows retail gasoline and oil stations within "business districts" only according to such an exception. III.F 1 e (3). It provides that "[w]hen *in its judgment* the public convenience and welfare will be substantially served, and where such exception will not tend to impair the status of the neighborhood, the Board of Appeals *may* in a specific case . . . determine and vary the application of the regulations here established in harmony with their general purposes and intent" (emphasis added). V. D. 6.

Gulf contends that because the judge found that the granting of the special permit would substantially serve the public convenience and welfare and would not tend to impair the status of the neighborhood, the board was required to grant the permit and therefore its decision not to do so was arbitrary and capricious. Gulf also argues that the board improperly considered the "possible future development in this area of Framingham."

Neither the Zoning Enabling Act (G. L. c. 40A, § 4), nor the zoning by-law of Framingham (§§ III.F 1 e (3) and V. D. 6.), gives Gulf an absolute right to a special permit. The board is not compelled to grant a permit. It has a discretionary power. See *Pendergast* v. *Board of Appeals of Barnstable,* 331 Mass. 555, 557; *Bottomley* v. *Board of Appeals of Yarmouth,* 354 Mass. 474, 476–477. The decision of the board can be disturbed only if it is based on "a legally untenable ground" (see e.g. *D'Ambra* v. *Zoning Bd. of Appeal of Attleboro,* 324 Mass. 61; *Tambone* v. *Board of Appeal of Stoneham,* 348 Mass. 359) or is "unreasonable, whimsical, capricious, or arbitrary" (see e.g. *Pendergast* v. *Board of Appeals of Barnstable,* 331 Mass. 555, 559–560; *Mahoney* v. *Board of Appeals of Winchester,* 344 Mass. 598, 602; *Slater* v. *Board of Appeals of Brookline,* 350 Mass. 70).

We do not think that the decision of the board was arbitrary and capricious. To hold that a decision of the board denying a permit is arbitrary and capricious per se whenever the board, on the facts found by the trial judge, could

have granted a permit, would eliminate the board's intended discretion. See G. L. c. 40A, § 4.

We do not think that the board improperly considered the "possible future development in this area of Framingham." The board is not limited to considering the public convenience and welfare and the status of the neighborhood only at the present time or in the immediate future. See *MacGibbon* v. *Board of Appeals of Duxbury*, 347 Mass. 690, 692. The statute expressly provides that prior to the granting of a special permit the board shall hold a public hearing and, inter alia, notice of such hearing shall be given to the planning board. G. L. c. 40A, §§ 4, 17. It would hardly seem likely that the Legislature would have provided for such notice if the board were limited to considering only present conditions. We do not think that it was improper for the board to consider within reasonable limits the future effects of the requested exception.

The final decree is reversed and a decree is to be entered stating that the decision of the board did not exceed its authority, that no modification of its decision is required, and that the clerk of the court within thirty days after the entry of the decree send an attested copy thereof to the board.

*So ordered.*