SIMON ZALTMAN *vs.* BOARD OF APPEALS OF STONEHAM.

Middlesex. March 6, 1970. — May 8, 1970.

Present: WILKINS, C.J., SPALDING, KIRK, REARDON, & QUIRICO, JJ.

*Zoning*, Special permit.

Under the broad discretion given to a board of appeals by a provision of a town zoning by-law that when in the "judgment" of the board "the public welfare will be substantially served" the board could "in a specific case" permit a building constructed in a zoning district in conformity with the regulations therein to be extended into an adjacent district in which it would be nonconforming without the permit, it was held that in the circumstances the board's denial of a permit for such an extension to a proposed convalescent home because the board "felt the proposed structure and use would not substantially serve the public welfare" could not be said to be arbitrary and must be upheld.

BILL IN EQUITY filed in the Superior Court on February 12, 1969.

The suit was heard by *Hennessey*, J.

*Frank M. Geremonte* for the plaintiff.

SPALDING, J. This is a bill in equity by way of an appeal

under G. L. c. 40A, § 21, from a decision of the board of appeals of Stoneham (board) denying the plaintiff a zoning exception to build a convalescent home partly in a residential area. The judge made findings of fact, and entered a decree that the board's decision was within its authority and required no modification. The plaintiff appealed. The evidence is reported.

Findings of the judge include the following. The plaintiff is the owner of two and one-half acres of vacant land situated on the southerly side of Franklin Street in Stoneham. For a depth of 100 feet southerly from Franklin Street the area is zoned for residential purposes as "Residence B," which allows the construction and use of convalescent homes. The remainder of the plaintiff's property is in a "Residence A" zone, which does not permit convalescent homes. The frontage of the property on Franklin Street contains woods and a high ledge, and rises to a height of thirty to thirty-five feet before leveling off.

Article II, § 6, of the zoning by-law of Stoneham, which provides for exceptions, reads: "When in its judgment the public welfare will be substantially served or the appropriate use of neighborhood property will not be substantially injured, the Board of Appeal may in a specific case after public notice and hearing and subject to appropriate safeguards determine and vary district regulations in harmony with their general purpose and intent as follows: . . . 2. Permit the extension of a building or use into a more restricted district immediately adjacent thereto but not more than fifty (50) feet beyond the boundary line of the district in which such building or use is authorized."

On November 20, 1968, the plaintiff requested a special permit to extend a convalescent home he proposed to construct in the "B" zone of his property fifty feet into the more restricted "A" zone, also owned by him. After a public hearing, the board denied the request on the ground that it "felt the proposed structure and use would not substantially serve the public welfare nor was it in the best interest, or the most appropriate use for this area."

The judge found that the board, about the same time the plaintiff's application was denied, granted an exception to another applicant for a convalescent home on the opposite side of Franklin Street. He further found that the plaintiff's land is "partly covered by ledge in such location that the proposed building can be constructed more economically, and the total land of the . . . [plaintiff] can be more satisfactorily used, if the proposed exception were allowed to the . . . [plaintiff]." He upheld the decision of the board on the ground that "the granting or denial of the exception sought here lies within the [board's] discretion."

The plaintiff urges reversal of the court's decree on the grounds that the board's decision was arbitrary and capricious, and based on a legally untenable ground. The substance of his argument is that no evidence was presented at the trial, nor were reasons adduced by the board, to support its decision that the public welfare would not be served by the requested exception. As further indication of arbitrariness, the plaintiff relies on the exception granted a few weeks later for a convalescent home on the opposite side of Franklin Street.

The question presented involves the scope of the board's discretion in denying exceptions. Neither the Zoning Enabling Act (G. L. c. 40A) nor the zoning by-law of Stoneham (art. II, § 6) gives a party an absolute right to an exception. The board is not compelled to give an exception, but has discretionary power to do so "when in its judgment" the public welfare will be served and neighborhood property will not be substantially injured. We have recently held in *Gulf Oil Corp.* v. *Board of Appeals of Framingham,* 355 Mass. 275, 277–278, that a board may deny an exception even if the facts showed that a permit could be lawfully granted. We there stated that "[t]o hold that a decision of the board denying a permit is arbitrary and capricious per se whenever the board . . . could have granted a permit would eliminate the board's intended discretion."

At issue here, however, are not the limits placed on the board's discretion to grant an exception once the facts

357 Mass. 485 · 485

warranting an exception have been established. Rather the question is whether the board was arbitrary "in its judgment" that the public welfare would not be substantially served thereby. The by-law permits the board to exercise "judgment" concerning the public welfare in passing on requests for exceptions. The board is required only to exercise its judgment in a manner untainted by capriciousness or an untenable legal ground. *Gulf Oil Corp.* v. *Board of Appeals of Framingham, supra,* and cases cited.

Given the broad discretion of the board to judge the impact of an exception on the public welfare, we cannot say that its judgment was exercised arbitrarily. An extension into an "A" zone would constitute, but for the exception, a use not authorized in that zone. The board, in the exercise of judgment entrusted to it, could properly find that "the public welfare" would not have been "substantially served" by permitting this use.

*Decree affirmed.*