GEORGE SABA *vs.* JOHN KHOURI. June 11, 1970. At the original trial of this action (described as an action of contract but actually one in tort for deceit) in the Municipal Court of the City of Boston, the trial judge made a finding for the plaintiff. The defendant filed a motion for a new trial which the judge denied. The Appellate Division ordered a new trial. At the second trial before another judge there was a finding for the defendant. The sole issue before us is whether the Appellate Division was in error in vacating the finding for the plaintiff in the first trial and ordering a new trial. We are satisfied from our review of the record that the Appellate Division was warranted in ordering a new trial to prevent a miscarriage of justice. See G. L. c. 231, § 108; *Tuttle* v. *Brown,* 10 Cush. 262, 264–265.

*Orders of Appellate Division affirmed.*

*J. Sheffield Dow* for the plaintiff.
*John T. Donahue* for the defendant.


BROCKTON PUBLIC MARKET, INC. *vs.* BOARD OF APPEALS OF SHARON. June 11, 1970. This is an appeal from a final decree of the Superior Court that the board of appeals of the town of Sharon did not exceed its authority in denying a special permit for the construction of "a gasoline filling station within a parking lot of a shopping center in a Business District zone." "The evidence . . . consisted of five exhibits, one of which is a [s]tipulation." The parties also orally agreed on an additional fact. The trial judge's ruling that the plaintiff does not have "an absolute right to a special permit" is correct. *Gulf Oil Corp.* v. *Board of Appeals of Framingham* 355 Mass. 275, 277. Likewise, there was no error in holding that the refusal to grant a special permit did not require detailed findings by the board of appeals. *Ferrante* v. *Board of Appeals of Northampton,* 345 Mass. 158, 162.

*Decree affirmed.*

*Robert I. Kalis* for the plaintiff.
*Manuel Katz* for the defendant.