HUMBLE OIL & REFINING COMPANY vs. BOARD OF
APPEALS OF AMHERST.

Hampshire.   October 7, 1971. — December 13, 1971.

Present: TAURO, C.J., CUTTER, REARDON, QUIRICO, & HENNESSEY, JJ.

*Zoning,* Special permit. *Words,* "May."

The zoning board of appeals of a town was warranted in denying an
   application to construct an automobile service station as a special
   exception within a limited business district since under the zoning
   by-law and the zoning enabling act, G. L. c. 40A, § 4, the granting of
   a special permit was discretionary with the board even if
   requirements for granting a special permit set forth in the by-law
   were satisfied |604-605|; the board's consideration of future
   hazardous traffic conditions in the area did not render its decision
   arbitrary or unreasonable |606|.

BILL IN EQUITY filed in the Superior Court on June 26,
1967.

The suit was heard by *Noonan, J.*

*Bruce G. Brown* for the plaintiff.

TAURO, C.J.   This is an appeal under G. L. c. 40A, § 21,
from a decree of the Superior Court sustaining a decision
of the board of appeals of Amherst in its denial of the
plaintiff's application to construct an automobile service
station.

The plaintiff applied for permission to locate an auto-
mobile service station "at the intersection of the east line of
West Street, Route 116 and the south line of Pomeroy Lane
in Amherst" which is classified as a limited business district.
A service station is permitted by "special exception" within
such a district. See G. L. c. 40A, § 4.   The town by-law
with respect to "special exceptions" (XI-4 "Special Ex-
ceptions," as amended on March 8, 1967) reads: "Where a
special exception *may* be authorized by the Board of Ap-
peals under this By-Law, said Board *may* grant, upon written

application, such special exception if it finds, among other things: a. That the premises in question is appropriately located and reasonably adaptable to the proposed use; b. . . . c. That the use will not be a nuisance, or a serious hazard to vehicles or pedestrians; d. That adequate and appropriate facilities will be provided for the proper operation of the proposed use; e. . . ." (emphasis added). The plaintiff contends that having satisfied these requirements the allowance of its application by the board of appeals was mandatory.

The contention that "may" has a mandatory and not a permissive meaning must be rejected. First, XI–4 of the town by-law was amended by substituting the word "may" for "shall" before the word "grant," second, the Zoning Enabling Act (G. L. c. 40A, § 4)[1] does not provide an absolute right to a special permit. *Zaltman* v. *Board of Appeals of Stoneham,* 357 Mass. 482. *Gulf Oil Corp.* v. *Board of Appeals of Framingham,* 355 Mass. 275. *MacGibbon* v. *Board of Appeals of Duxbury,* 356 Mass. 635. *Brockton Pub. Mkt. Inc.* v. *Board of Appeals of Sharon,* 357 Mass. 783. The mere fact that the standards set forth are complied with does not compel the granting of a special permit, for as this court has stated, "The by-law confers a measure of discretionary power to the board, but it does not confer unrestrained power to grant or withhold special permits by the arbitrary exercise of that discretion." *MacGibbon* v. *Board of Appeals of Duxbury, supra,* at 638. The question is whether the board has based its decision on a "legally untenable ground, or is unreasonable, whimsical, capricious or arbitrary." *Id.* at 639. *Gulf Oil Corp.* v. *Board of Appeals of Framingham, supra,* at 277.

---

[1] General Laws c. 40A, § 4, reads in part: "A zoning ordinance or by-law may provide that exceptions may be allowed to the regulations and restrictions contained therein . . . . Such exceptions shall be in harmony with the general purpose and intent of the ordinance or by-law and may be subject to general or specific rules therein contained. The board of appeals . . . may, in appropriate cases and subject to appropriate conditions and safeguards, grant to an applicant a special permit to make use of his land or to erect and maintain buildings or other structures thereon in accordance with such an exception."

A gasoline station is located at the northeast corner of the intersection, and a prime consideration for the board was whether a hazardous situation would be created for vehicular traffic on Route 116 due to the movement of vehicles to and from the proposed station. The board concluded that with the further development of the business district a busy intersection would develop thus creating numerous traffic interruptions and rendering the situation hazardous. Traffic had increased on Route 116, which is the main artery for traffic flowing northerly and southerly through Amherst, by forty-one per cent during the years 1965 to 1967. The board was not limited to examining present conditions and it could consider the future development of the area. *Gulf Oil Corp.* v. *Board of Appeals of Framingham, supra,* at 278. It cannot be said that the decision of the board was arbitrary or unreasonable. There was a sufficient basis to warrant its decision.

There was no error in the Superior Court's ruling "that the [b]oard of [a]ppeals did not exceed its authority in denying the exception and permit to build to the" plaintiff.

*Decree affirmed.*