ROBERT J. MURPHY & others vs. ZONING BOARD OF APPEALS OF
LAWRENCE & others.   October 2, 1974.   This is an appeal under
G. L. c. 40A, § 21, from a decision of the zoning board of appeals
(board) granting a special permit to the defendants Dandretta to
convert a building on their property in Lawrence to multi-family
apartments.   One of the plaintiffs, Robert J. Murphy, appealed from
the final decree entered in the Superior Court sustaining the decision
of the board.   The judge heard evidence, reviewed exhibits, took a
view of the locus and made thorough voluntary findings of fact.   As
the evidence is reported, we review all questions of law, fact and
discretion, but we do not disturb the findings of the judge unless they
are plainly wrong. *Broderick* v. *Board of Appeal of Boston*, 361
Mass. 472, 477 (1972).   The locus is a lot containing approximately
52,000 square feet, located in a single residence (R1-A) district.   By
way of special permit, the Dandrettas sought to convert an existing
two-family residence on the property (which was a nonconforming
use, having existed prior to the adoption of the zoning ordinance) into
a five-family dwelling.   The property fronts on East Haverhill Street,
a major thoroughfare, while the rear of the locus is on Ridge Road, a
quieter, residential street.   In granting the permit, the board noted
that increased real estate taxes and maintenance costs made it
"unreasonable" to limit the use of the property to a two-family unit
"especially in view of the acknowledged shortage of sound housing
units."   The permit required that no exterior structural additions be
made and that off-street parking for a required number of cars be
provided.   The plaintiffs had objected to the permit on the basis of
increased traffic and noise, depreciation of property values, deteriora-
tion of the neighborhood and the possibility of more such changes.
There were no allegations of procedural irregularities in the granting
of the permit.   The judge, after a hearing de novo (G. L. c. 40A,
§ 21), found that the granting of the permit would not have "a
materially detrimental effect on the neighborhood," was "in harmony
with the general purpose and intent of the Lawrence Zoning
By-Law," and that the board acted within its authority; his
subsidiary findings and the evidence support his conclusions.   The use
of a board's special permit power is discretionary, but not without
limits. *Josephs* v. *Board of Appeals of Brookline*, 362 Mass. 290, 294
(1972), and cases cited.   Adequate standards of guidance for the
board must be set forth in the ordinance. *MacGibbon* v. *Board of
Appeals of Duxbury*, 356 Mass. 635, 637-638 (1970).   Under
§ 29-33(f) of the zoning ordinance, conversion of an existing structure
to a multi-family dwelling is a specially permitted use in an R-1A
district, subject to certain conditions.   Section 29-35(c) and (d) pre-
scribes the standards to be considered by the board in determining

the grant of a permit in a residential district, including the location, size, nature and intensity of the use; the size of the site in relation to the use; the location, nature and height of structures; the effect of the proposed use on adjacent property; and necessary off-street parking requirements. Statutory standards require that the exception "be in harmony with the general purpose and intent of the ordinance." G. L. c. 40A, § 4. We conclude that the judge's findings were correct, were supported by the evidence, and justify his conclusion that the board "did not exceed its authority, did not act unreasonably, nor was it arbitrary, whimsical or capricious in granting the permit." *Gulf Oil Corp.* v. *Board of Appeals of Framingham,* 355 Mass. 275, 277 (1969), and cases cited.

*Decree affirmed.*

*Thomas H. Collins* for the plaintiffs.
*Norman M. Shack* for the defendants.