BOARD OF APPEALS OF SOUTHAMPTON *vs.* RICHARD R. BOYLE & others, trustees. June 25, 1976. Our review of the record on appeal from the judgment of the Superior Court upholding the denial by the board of appeals of the special permit sought by the defendants, who had prevailed in a District Court on their appeal from the board's decision, persuades us that the first of the reasons given by the board in its letter of April 7, 1973, was sufficient to justify its decision, and we therefore do not decide upon the validity of the other four reasons stated therein. See *Vazza Properties, Inc.* v. *City Council of Woburn,* 1 Mass.

App. Ct. 308, 312 (1973); *S. Volpe & Co. Inc.* v. *Board of Appeals of Wareham, ante,* 357, 359 (1976). There is no merit in the defendants' contention that they were prejudiced by the board's delay in filing the record of its proceedings, as a unamimous vote would have been required only if the board had "decide[d] in favor of the applicant[s]." G. L. c. 40A, § 19. The fact that the filing occurred eight days after the defendants' appeal period had run was not prejudicial per se. See *Shuman* v. *Board of Aldermen of Newton,* 361 Mass. 758, 764-765 (1972). The board was not required to make detailed findings in support of its decision (*Brockton Pub. Market, Inc.* v. *Board of Appeals of Sharon,* 357 Mass. 783 [1970]), and we are satisfied that the first reason given in its letter on April 7, read in light of the record of its proceedings, the objections made known to the defendants at the public hearing and the testimony of one of the board's members, amounted to a finding that the town's water supply was inadequate to meet the needs of the proposed development and not merely a recapitulation of the opinions expressed by the water commissioners or a prediction that the commissioners would deny the defendants permission to connect to the water main adjacent to their premises. The decision must therefore be upheld if that ground was a legally tenable one and the board's reliance on it was not arbitrary or capricious. *Humble Oil & Ref. Co.* v. *Board of Appeals of Amherst,* 360 Mass. 604, 605 (1971). *Vazza Properties, Inc.* v. *City Council of Woburn,* 1 Mass. App. Ct. at 312, and cases cited. In contending that the stated ground was legally untenable, the defendants rely not on the terms of the by-law under which the board acted, but on The Zoning Enabling Act itself, which, they assert, does not permit the adoption of a zoning by-law (or, by analogy, the denial of a special permit under an existing by-law) by reason of the inadequacy of a town's water supply. Their reliance is misplaced, as The Zoning Enabling Act declares "the adequate provision of . . . water" to be one of the very purposes of zoning. G. L. c. 40A, § 3. Compare *Decoulos* v. *Peabody,* 360 Mass. 428, 429-431 (1971). Contrast *Enos* v. *Brockton,* 354 Mass. 278, 280 (1968). Their attempt to bolster their contention by reference to the duty of the town to supply water to landowners therein (see *B & B Amusement Enterprises, Inc.* v. *Boston,* 297 Mass. 307, 308 [1937]) is equally unsuccessful, as the existence of that duty does not diminish the power of a duly authorized local board to prevent a use of land not permitted as of right which will impair the health or safety of the town's inhabitants by overtaxing its water supply. Compare *Cliff* v. *Board of Health of Amesbury,* 343 Mass. 58, 62-63 (1961). We are also of the opinion that the trial judge's findings as to the nature of the water problem were not clearly erroneous (Mass.R.Civ.P. 52[a], 365 Mass. 816 [1974]), and, inasmuch as it is the board's evaluation of the seriousness of the problem rather than the judge's or ours which is controlling (*Copley* v. *Board of Appeals of Canton,* 1 Mass. App. Ct. 821 [1973]), that those findings were sufficient to support her conclusion (with which we agree) that the board's action was not arbitrary or capricious. Compare *Cliff* v. *Board of Health of Amesbury, supra; Vazza Properties, Inc.* v. *City Council of Woburn,* 1 Mass. App. Ct. at 312.

*Judgment affirmed.*

The case was submitted on briefs.
*Lewis A. Whitney, Jr.,* for the plaintiff.
*Elizabeth A. Porada* for the defendants.