FRANCIS NUGENT & another[1] *vs.* BOARD OF APPEALS OF GRANBY; MRS. GEORGE BISSEL & another,[2] interveners (and a companion case[3]). April 23, 1986. *Zoning,* Special permit; Board of appeals: decision.

This is an appeal by the interveners from that portion of a final judgment entered in the Superior Court which annulled the decision of the board of appeals (board) of Granby.[4] The board's decision had denied the plaintiffs' application for a special permit to add an addition to their business.

We summarize the relevant facts. The plaintiffs are the owners of property in Granby on which they operate a business known as Mar-Fran's Turkey

[1] Marion Nugent.

[2] Mrs. Ronald Heroux.

[3] The companion case is between the same parties.

[4] Part 3 of the judgment ordered the plaintiffs to pay a fine of $250.00 to Granby for a violation of the zoning by-law. No appeal has been taken from that portion of the judgment.

Ranch & Restaurant. The business is a nonconforming use, located in a residential district in which commercial uses are not permitted. The plaintiffs made an application to the board for a special permit to expand their business. Under the zoning by-law "[p]re-existing non-conforming structure[s] . . . may be extended or altered when the special permit granting authority makes a finding as designated by the ordinance or by-law that such a change, extension or alteration is not substantially more detrimental than the existing non-conforming use is to the neighborhood."

At the time of the application for a special permit, the area of the existing building, consisting of a restaurant, farm store, vestibules, and freezer unit, totaled 3,002 square feet. At the public hearing on the application, the plaintiffs exhibited plans which showed an addition of 1,400 square feet to the existing structure. After the hearing, the three-member board voted on the plaintiffs' application. The chairperson voted against the allowance of the application because "she felt that expansion of the present restaurant to 'banquet hall size' would make the business substantially more detrimental to the neighborhood." The other two members voted to issue the special permit. Because a unanimous vote is required when there is a three-member board (G. L. c. 40A, § 9), the application for the permit was denied.

By actions consolidated in the Superior Court, the plaintiffs sought to annul the decision of the board, claiming that the board had exceeded its authority. The matter was referred to a master, facts final. He ruled that "the addition to the restaurant since it neither increases the seating capacity of the restaurant nor creates a less attractive structure cannot be held to be more detrimental than the existing non-conforming use is to the neighborhood." Therefore, the master concluded that the board had acted arbitrarily in refusing to grant the special permit. A Superior Court judge allowed the interveners' motion to intervene and remanded the case to the master for further findings on the dimensions of the proposed addition. After the master made additional findings, the judge allowed the plaintiffs' motion to confirm the master's report and judgment issued, annulling the board's decision in part (see n. 4). We reverse.

The denial of the special permit was within the discretion of the board. *MacGibbon* v. *Board of Appeals of Duxbury,* 356 Mass. 635, 638 (1970). *Vazza Properties, Inc.* v. *City Council of Woburn,* 1 Mass. App. Ct. 308, 312 (1973). However, "a court reviewing a decision of the board denying a permit does not possess the same discretionary power as does the board, and the decision of the board can only be disturbed if it is based 'on a legally untenable ground' . . . or is 'unreasonable, whimsical, capricious or arbitrary.' " *Subaru of New England, Inc.* v. *Board of Appeals of Canton,* 8 Mass. App. Ct. 483, 486 (1979), quoting from *Gulf Oil Corp.* v. *Board of Appeals of Framingham,* 355 Mass. 275, 277-278 (1969). The "board may deny a [permit] even if the facts showed that a permit could be lawfully granted." *Zaltman* v. *Board of Appeals of Stoneham,* 357 Mass. 482, 484 (1970). "To hold that a decision of the board denying a permit is arbitrary

and capricious per se whenever the board . . . could have granted a permit would eliminate the board's intended discretion." *Gulf Oil Corp.* v. *Board of Appeals of Framingham, supra.*

The chairperson of the board based her vote, which effectively denied the application, on the size of the proposed addition and its effect on the neighborhood. Considering that the addition would increase the area of the existing building by 47%, her vote was not arbitrary or capricious and therefore the decision of the board was valid. That portion of the judgment annulling the decision of the board in denying the special permit is reversed. A new judgment is to be entered that the decision of the board denying the special permit did not exceed its authority.

*So ordered.*

*Thomas A. Miranda* for the interveners.
*David G. Sacks* for the plaintiffs.