Gershengorn, J.
Defendant, the Hallmark Garden Condominium Trust, moves to dismiss a property owner’s complaint alleging that the Town of Burlington’s Board of Appeals (“the Board”) exceeded its authority in overturning an order by the town’s building inspector. For the reasons stated below, the motion to dismiss is denied.
BACKGROUND
The plaintiffs, Timothy and Carrie Boyd, own property at 66 Washington Avenue in Burlington zoned for single-family dwellings. The property has two tennis courts, which were constructed in 1976 by previous owners without a building permit. Abutting plaintiffs property is Hallmark Gardens Condominium, which is zoned as a Garden Apartment District.
In 1986, the then owners of 66 Washington Avenue deeded to the abutting condominium unit owners an easement to use the tennis courts. In 1987, Burlington’s building inspector issued a cease and desist order to the owners of 66 Washington Avenue, informing them that use by the condominium owners of the tennis courts in the single-family residence zone was in violation of the zoning by-laws. The building inspector reissued this same order on July 29, 1987 and on August 22, 1988. The plaintiffs purchased the property in 1992 subject to that easement, after being informed by the building inspector that the easement would be terminated as it was in violation of the zoning by-laws.
On June 15, 1993, the Board conducted a hearing on the validity of the cease and desist order, and determined that it was invalid because the building inspector had not properly notified all parties regarding the 1987 order. On August 24, 1993, the building inspector issued another cease and desist order to all parties, on the grounds that the use by condominium owners of the tennis courts was not permitted under the zoning by-laws. The condominium owners appealed to the Board, which on December 7,1993 again overturned the building inspector’s order. The plaintiffs appealed the matter to the Superior Court, which remanded the case to the Board of Appeals to hold a public hearing and to file a decision. In that decision, filed March 6, 1996, the Board again overturned the cease and desist orders. Plaintiffs brought this action, complaining that the Board exceeded its authority and that its decision must therefore be annulled.
DISCUSSION
When evaluating the sufficiency of a complaint pursuant to Mass.R.Civ.P. 12(b)(6), the court must accept as true the well pleaded factual allegations of the complaint as well as any inferences that can be drawn in the plaintiffs favor. Eyal v. Helen Broadcasting Corp., 411 Mass. 426, 429 (1991). The complaint should not be dismissed unless it appears certain that the plaintiff can prove no set of facts to support the claim which would entitle it to relief. Spinner v. Nutt, 417 Mass. 549, 550 (1994). A complaint is not subject to dismissal if it could support relief under any valid theory of law. Whitinsville Plaza, Inc. v. Kotseas, 378 Mass. 85, 89 (1979).
Defendants move to dismiss on three grounds: (1) the plaintiffs lack standing; (2) plaintiffs cannot show that the Board exceeded its authority; and (3) plaintiffs have failed to join necessary parties.
I. Standing.
Defendants contend that plaintiffs are not aggrieved parties, and therefore lack standing to bring this action, because they bought the property subject to the easement, and therefore suffer no diminished property value or other harm by enforcement of the easement.
Under Barvenik v. Board of Aldermen of Newton, 33 Mass.App.Ct. 129, 131-32, once defendants in an appeal under G.L.c. 40A, §17 challenge plaintiffs *160 standing, even where plaintiffs are entitled to a presumption of aggrieved status by reason of being abutters, the plaintiffs bear the burden of demonstrating their status as aggrieved persons. To maintain this action, then, the plaintiffs must establish by direct facts that their “legal rights have been, or likely will be, infringed or [their] property interests adversely affected.” Id. at 132.
Although plaintiffs purchased the property subject to the easement, they also reasonably expected that the easement would be terminated, as they learned from discussions with the building inspector that the easement was in violation of the zoning by-laws. For purposes of this motion, the plaintiffs have established standing by satisfying their burden of showing a reasonable likelihood of tangible harm to their property, legal rights or interests as a result of the Board’s decision allowing the condominium owners to use the tennis courts.
2. Whether the Board exceeded its authority.
Defendants next assert that plaintiffs cannot maintain this action because they cannot show that the Board exceeded its authority by rendering a decision which is whimsical, arbitrary, capricious or unreasonable. This court can only disturb the Board’s decision if it finds it was based on a legally untenable ground, or was unreasonable, whimsical, arbitrary or capricious. Gulf Oil Corp. v. Board of Appeals of Framingham, 355 Mass. 275, 277 (1969).
Whether the Board’s decision suffers from these infirmities is not a question which can be resolved on a motion to dismiss based upon the facts before this court. Defendants have not shown that plaintiffs can prove no set of facts to support the claim which would entitle them to relief under any valid theory of law. Accordingly, the motion to dismiss on the grounds that the Board did not exceed its authority must fail.
3. Whether complaint is subject to dismissal for failure to join necessary parties.
Defendants also urge this court to dismiss the action under Mass.R.Civ.P. 12(b)(7), on the grounds that plaintiffs have not joined, as necessary parties, each of the owners of the condominium units and each of their mortgagees. Necessary parties under Mass.R.Civ. P. 19 include persons whom
(1) in his absence complete relief cannot be accorded among those already parties; or (2) he claims an interest relating to the subject of the action and is so situated that the disposition of the action in his absence may (i) as a practical matter impair or impede his ability to protect that interest. . .
The interests of the unit owners and the mortgagees will be protected by the defendant, Hallmark Garden Condominium Trust, which, pursuant to G.L.c. 183A, §10 is charged with the responsibility
4) To conduct litigation and to be subject to suit as to any course of action involving the common areas and facilities or arising out of the enforcement of the by-laws, administrative rules or restrictions in the master deed.
Accordingly, the court disagrees that this suit is subject to dismissal for nonjoinder of a necessary party.
ORDER
For the foregoing reasons, it is hereby ORDERED that the motion to dismiss be DENIED.