Rutberg, J.
The tortured history of this civil assault and battery case began almost ten years ago with the filing of a complaint in the Superior Court in March 1990. The case was remanded to the District Court in June 1991 and initially assigned for trial on April 22,1992. Discovery issues caused a delay in the commencement of the trial until *192 March 3,1993 and it was completed after parts of three separate trial days on April 28, 1993. The matter was under advisement until July 11, 1997 when judgment was entered for the plaintiff in the sum of $50,000.00 and judgment was entered for the defendants on their counterclaim in the sum of $7,000.00; thereafter, defendants filed a timely notice of appeal to this Court on July 21,1997. The notice of appeal set forth three issues, but only one was briefed by the appellant; therefore, the remaining issues are deemed waved. Cf. Mass. RAE, Rule 16(a) (4).
The only issue for the Court is whether the delay in the entry of judgment by the trial judge requires this Court to order a new trial in the District Court; and, we find that it does not G.L.c. 220, §14A requires a district court judge to render a decision in any matter taken under advisement within four months of the hearing. While the language of §14A is mandatory, the Supreme Judicial Court has held that this statute does not impose a jurisdictional condition whose violation requires reversal or other action by an appellate court. Kerr v. Palmieri, 325 Mass. 554 (1950). The purpose of the statute is to discipline judges, not to render void a late finding.
Appellants argue that the passage of over four years must necessarily have dulled the trial judge’s memory. Appellants also point to a handwritten note [presumably by the trial judge, although not confirmed on the record] in the court’s file which indicates that the judgment for the plaintiff was to be $30,000 as opposed to the ultimate judgment of $50,000, as well as an earlier draft of the judge’s findings dated February 13,1995 which indicates the same amount. Appellants further contend that the passage of time may have led to an inadvertent or erroneous statement of the plaintiff’s damages. Without commenting on the merit of this argument, we believe that appellants waived any right they may have to make such a contention in this Court as they never made a motion for a new trial before the trial judge. At such a motion hearing, the trial judge could well have dispelled any legitimate concerns appellants may have had. While this Court does have the power to order a new trial to avoid miscarriages of justice, we do not find that the entry of the judgment in this case was a miscarriage of justice. Saba v. Khouri, 357 Mass. 783 (1970).
This appeal is denied.