DEBORAH L. ANDERSON[1] vs. PLANNING BOARD OF NORTON. No. 00-P-1889. October 11, 2002. *Zoning,* Special permit, Judicial review. *Practice, Civil,* Zoning appeal.

The planning board of Norton appeals from a "judgment" of the Superior Court, which found the board's reasons for denying the plaintiff's request for a special permit invalid and remanded the matter to the board for reconsideration. Because the order of remand was interlocutory, the "judgment" was not final and the appeal from it is not ripe for our review. See *Roberts-Haverhill Assocs.* v. *City Council of Haverhill*, 2 Mass. App. Ct. 715, 720 (1974); *J. & C. Homes, Inc.* v. *Planning Bd. of Groton*, 8 Mass. App. Ct. 123, 125 (1979). We accordingly dismiss the appeal.

The board urges us to consider the appeal as if from a final order, under the guidance found in *Federman* v. *Board of Appeals of Marblehead*, 35 Mass. App. Ct. 727, 730 (1994), arguing that the remand order gives it no leeway to act in any manner other than to grant the special permit. To the contrary, the

[1]Upon motion by the original plaintiff in this case, Inna T. Rubin, Deborah L. Anderson was substituted as the plaintiff.

remand order requires only that the board reconsider the permit application. On reconsideration, the board may either grant or deny the permit, although any denial must be based on more solid ground than the decision reviewed by the judge. Based on a de novo review of the facts and consideration of the reasons given by the board to support its decision, see *Pendergast* v. *Board of Appeals of Barnstable,* 331 Mass. 555, 558-559 (1954), the judge found that the articulated reasons were not supported by the evidence and were, in fact, internally contradictory. Inspection of the form of the board's decision reveals that it states, in rather conclusory form, that the proposed project will be detrimental to the neighborhood and will serve no needs of the community, despite the board's directly contrary findings in its simultaneously issued decision granting a different permit for the same project. If on reconsideration the board is unable to articulate reasons supported by evidence and devoid of such conclusory inconsistency, any lack of leeway does not derive from the judge's order. The present case is quite unlike those in which a remand order directs a board to issue a permit, see *Geryk* v. *Zoning Appeals Bd. of Easthampton,* 8 Mass. App. Ct. 683, 685 (1979), or even one in which a judge annuls a board's denial based on a different interpretation of the applicable by-law.[2]

We note with some concern that a dismissal at this juncture burdens the plaintiff landowner with further proceedings and attendant delay of the proposed project. However, the plaintiff could hope for nothing more were we to consider the appeal in its present posture; even an affirmance of the judgment would send the matter back to the board for further proceedings. Moreover, no one raised the issue of delay below. In any event, the parties may not, by agreement or acquiescence, manufacture the requisite finality that warrants appellate review. The landowner's remedy to avoid delays such as those occasioned by the pendency of this appeal is to move promptly to dismiss it.

*Appeal dismissed.*

*Barbara J. Saint Andre* for the defendant.
*Edmund J. Brennan, Jr.,* for the plaintiff.

---

[2]The latter circumstance can leave the board with a Hobson's choice: to risk contempt if it persists in its contrary interpretation on remand, or lose its opportunity to appeal the interpretation if it grants the permit.