DAVID CURRIER & another *vs.* JOHN T. BARKER.

A notice to quit and deliver up premises, held under an oral lease, which does not state or describe the cause for which it is given, nor the time when the tenant is required to quit, is insufficient to determine the lease.

The notice, equal to the interval between the days of payment of rent, required by Rev. Sts. c. 60, § 26, to determine an estate at will, must be to quit at the expiration of such an interval; but this rule does not apply to the case of a fourteen days' notice to quit for non-payment of rent, whether given to determine a lease at will, pursuant to Rev. Sts. c. 60, § 26, or a written lease, pursuant to *St.* 1847, c. 267, § 1.

ACTION on Rev. Sts. c. 104, §§ 2, 4, to recover possession of premises in Charlestown, alleged to be held by the defendant unlawfully and without right. Writ dated August 9th 1851.

At the trial in the court of common pleas, it appeared in evidence that the defendant, on the 2d of August 1851, held possession of the premises under an oral agreement with the plaintiffs, whereby the rent of the demanded premises was to be paid weekly ; and that the plaintiffs, on said 2d of August, gave the following notice to the defendant: " Charlestown, August 2d 1851. To John T. Barker. You being in possession of a

long wooden building, called a bowling alley, situated and being near the Neck Tavern, so called, in the city of Charlestown aforesaid, are hereby notified to quit and deliver up to us the premises aforesaid. Hereof fail not, or we shall take a due course of law to eject you from the same.

Witness : Jerome Davis.          Currier & Dutton."

The defendant contended that this notice was insufficient to determine his tenancy ; but *Hoar*, J. ruled otherwise ; and a verdict being returned for the plaintiffs, the defendant alleged exceptions.

This case was argued on the 30th of January 1854.

*J. Q. A. Griffin*, for the defendant. The notice was insufficient, for the following reasons : 1. It does not state whether it is given because it is the landlord's purpose to determine the tenancy, or because the rent is in arrear. 2. It gives the tenant no knowledge of the time when he is to quit the premises. *Oakes* v. *Munroe*, 8 Cush. 282. Taylor's Land. & Ten. (2d ed.) § 478. 3. It does not appear to be to quit at the expiration of a week from a day when the rent was payable. *Prescott* v. *Elm*, 7 Cush. 346.

*J. P. Converse*, for the plaintiffs. The object of a notice is not to inform the other party of his legal rights and obligations ; these he is presumed to know. But the objects are to inform him of the acts and duties required of him, and to which his legal rights and obligations apply ; and also, in the case of the tenant, to give him reasonable time to remove from the premises ; and as the law has given him different times, depending on different circumstances, he is entitled to know what those circumstances are. A notice is sufficient, if so certain and direct as to make it impossible that the person receiving it should have been misled. Taylor's Land. & Ten. (2d ed.) § 483. It is not to be presumed, in the absence of proof, that the rent was in arrear. There being, then, but one cause for which the tenancy could be terminated, the tenant was bound to know the law applicable to that state of facts, and not being misled by the notice, must have understood that the legal time was intended.

SHAW, C. J. The only question in the present case is, whether the notice to quit, given by the plaintiffs to the defendant, was sufficient.

It has long been settled in this commonwealth, that al estates and interests in lands, created or conveyed without any instrument in writing signed by the grantor or his attorney, shall have the force and effect of estates at will only; and this was embraced in the revised statutes, as a revision and reënactment of former provisions to the same effect. Rev. Sts. *c.* 59, § 29. From this provision it is manifest that the parol agreement between the parties, by which the plaintiffs let the tenement to the defendant, could give him no greater right or interest than that of a tenant at will. But such a parol contract is not void. If it purports to be a demise of premises for a certain term of time, it may be limited and controlled in its operation by the statute. But it is not void; it is available to fix the rate of rent, and the times at which it shall be payable.

The Rev. Sts. *c.* 60, § 26, provide that " all estates at will may be determined by either party, by three months' notice in writing, for that purpose, given to the other party; and when the rent reserved in such lease is payable at periods of less than three months, the time of such notice shall be sufficient, if it be equal to the interval between the days of payment." In the present case, the rent being payable weekly, one week's notice would be sufficient, so far as the length of such notice is concerned; but it must be a notice to quit at the expiration of some one of these terms of one week, and served not less than seven days prior to such day. *Prescott* v. *Elm*, 7 Cush. 346. *Baker* v. *Adams*, 5 Cush. 99. It is not stated in the present case that the 2d and 9th of August were rent days; but this we think is not material here, because we are of opinion that the notice is bad and insufficient on another ground, which is, that it fixes no day and no time, expressly, or by any description, for the tenant to quit. The notice in terms was, to quit and deliver up the premises, fixing no time, by naming a day or otherwise, and therefore operated as a demand to quit and deliver up the same forthwith, and is not distinguishable from the cases

before decided. *Oakes* v. *Munroe*, 8 Cush. 282. *Sanford* v. *Harvey*, 11 Cush. 93. *Granger* v. *Brown*, 11 Cush. 191.

The notice to quit is technical, and is well understood; it fixes a time at which the tenant is bound to quit, and the landlord has a right to enter, and a time at which the rent terminates. The rights of both parties are fixed by it, and are dependent on it. Should the landlord decline to enter, and the tenant quit according to the notice, the tenant could be no longer holden for rent, although he had given no notice to the landlord. The lease is "determined" by such notice, properly given, by either party. It is manifest, therefore, that when such consequences depend upon the notice to be given, the notice should fix, with reasonable exactness, the time, at which these consequences may begin to take effect.

It is argued that the defendant must have known the law and that it cannot be presumed that his rent was in arrear, and so that, as there was no other cause to terminate the tenancy at will, he must have known that it was intended as a seven days' notice under the statute, according to his weekly holding. But this is far from being satisfactory; the parties may have understood their verbal contract differently. Though we may not presume that the rent was in arrear, we cannot presume that it was not in arrear, and therefore can draw no inference that the defendant knew the notice was not intended as a fourteen days' notice. But what is more conclusive is, that the terms of the notice import a present demand to quit and deliver up the premises. The court are therefore of opinion that the notice was insufficient, and as the judge ruled otherwise, the verdict must be set aside and a new trial ordered.

Having stated above an opinion, that when, by contract or by law, the holding is for certain intervals of time, as from week to week, from month to month, or from year to year, the notice must be to quit at the expiration of one of those terms; though not the ground of decision in the present case, because the fact does not appear, yet, to prevent misconstruction, it may be proper to add, that this does not apply to another case, mentioned in the same section. Rev. Sts. *c.* 60, § 26. That section,

and also the subsequent act of 1847, *c.* 267, applicable to written leases, provides, that in all cases of neglect or refusal to pay the rent due, fourteen days' notice to quit shall be sufficient. As these provisions have no reference to any rent days, or periods of holding, either by written lease or lease at will, the notice to be given cannot be a notice to the tenant to quit at the time of the expiration of any such term or interval, and therefore that rule cannot apply; but then the notice must fix a day or time to quit, at or after the expiration of the required time of notice, by definitively naming the day, or denoting such time with reasonable exactness and certainty. *Exceptions sustained.*