PIONEER HOME SPONSORS, INC. *vs.* BOARD OF APPEALS OF NORTH-AMPTON & others. June 13, 1973. The interveners have appealed from a final decree of the Superior Court annulling the "decision" (G. L. c. 40 A, § 21) of the board of appeals of Northampton (the board) and ordering it to issue to the applicant a permit under § 12(f) of the zoning ordinance for the use of the locus for a development of "multi-dwellings." Section 12(f) on its face permits such a use subject to certain conditions, including one that "[a] permit shall be obtained from the [b]oard of [a]ppeals after a public hearing." The applicant, the city solicitor, two

members of the board and the trial judge have all proceeded on the basis that § 12(f) stands alone and that the board's only function under that section is to determine whether the application meets certain specific requirements with respect to building heights and spacing, numbers of rooms for dwelling units, floor and lot areas, and off-street parking spaces. The interveners, the chairman of the board and we disagree with any such interpretation. Although there may be obscurities in certain other provisions of the ordinance (see *Rose* v. *Commissioner of Public Health,* 361 Mass. 625, 629-632), § 3 thereof is explicit on the point that exceptions granted by the board under § 12(f) "shall be in harmony with the general purpose and intent of the ordinance," and it specifically tracks the language of G. L. c. 40A, § 4, in providing that the board "*may* in appropriate cases and subject to appropriate conditions and safeguards, grant to an applicant a *special permit* to make use of his land or to erect and maintain buildings or other structures thereon, in accordance with such an exception" (emphasis supplied). In acting on applications for permits under G. L. c. 40A, § 4, and said § 12(f) the board's power is discretionary (*Josephs* v. *Board of Appeals of Brookline,* 362 Mass. 290, 294, and cases cited); no one has an absolute right to such a permit (*Humble Oil & Refining Co.* v. *Board of Appeals of Amherst,* 360 Mass. 604, 605, and cases cited); the "board . . . [has] the power to deny the permit as long as its decision . . . [is]not 'based on a legally untenable ground, or . . . [is not] unreasonable, whimsical, capricious or arbitrary' " (*Golden* v. *Selectmen of Falmouth,* 358 Mass. 519, 523, and cases cited); and the board, in the proper exercise of its discretion, is free to deny a special permit even if the facts show that such a permit could be lawfully granted (*Gulf Oil Corp.* v. *Board of Appeals of Framingham,* 355 Mass. 275, 277-278; *Zaltman* v. *Board of Appeals of Stoneham,* 357 Mass. 482, 484). The decree of the Superior Court is reversed, and the case is remanded to the board for reconsideration and for further proceedings in the light of this opinion (which may include a further public hearing. *MacGibbon* v. *Board of Appeals of Duxbury,* 347 Mass. 690, 692; S. C. 356 Mass. 635, 636, 642).

*So ordered.*

*Marcus E. Cohn* for Samuel D. Lockshin & others, interveners.
*William H. Welch* for Pioneer Home Sponsors, Inc.