S. KEMBLE FISCHER REALTY TRUST *vs.* BOARD OF APPEALS OF CONCORD.

Middlesex. January 24, 1980. — March 28, 1980.

Present: PERRETTA, ROSE, & KASS, JJ.

*Practice, Civil,* Admissions, Record. *Zoning,* Special permit, Flood plain zoning. *Constitutional Law,* Zoning.

There was no basis for a plaintiff's claim that adverse findings of a trial judge were inconsistent with facts contained in the defendant's response to a request for admissions pursuant to Mass. R. Civ. P. 36(a) where the defendant's admissions were not brought to the attention of the trial judge until after entry of judgment. [478-480]

Upon appeal from the denial by a board of appeals of a special permit to fill land in a flood plain zone, the judge's findings as to the adverse consequences of the plaintiff's construction proposal were not clearly erroneous and amply supported the judge's determination that the board acted within its authority in denying the special permit. [480-481]

There was no merit to a landowner's contention that a town's flood plain zoning by-law was unconstitutional as applied because it left the landowner without any practical use of its property where a finding was warranted that; although the landowner could not use its land for access, general recreation, or other uses permitted within the district, the locus was not without residual economic utility. [481-482]

There was no merit to a contention by the owner of land lying in a flood plain zone that a thirty-foot strip of its land was exempt from flood

plain controls because the zoning by-law permitted an owner whose lot straddled a zoning district line to extend the less restrictive use for a distance of thirty feet into the more restrictive district; the flood plain controls overrode the controls of the underlying zone. [482-483]

CIVIL ACTION commenced in the Superior Court on January 20, 1975.

The case was heard by *Meyer,* J., a District Court judge sitting under statutory authority.

*Thomas F. Costello* for the plaintiff.

*Paula Bonnell* for the defendant.

KASS, J. Following denial by the board of appeals of Concord (the board) of a special permit to fill land in a flood plain zone, the plaintiff sought review in the Superior Court under G. L. c. 40A, § 21, as amended through St. 1974, c. 78, § 1.[1] In that proceeding the plaintiff was also unsuccessful.

1. On appeal before us the plaintiff attacks adverse findings of the trial judge on the ground that they are inconsistent with facts contained in responses by the board to a request for admissions pursuant to Mass.R.Civ.P. 36(a), 365 Mass. 795 (1974). This raises a threshold procedural question because, so far as appears from the record, the board's admissions were never brought to the attention of the trial judge until after entry of judgment.[2] As with other discov-

---

[1] Under the recodification of The Zoning Enabling Act inserted by St. 1975, c. 808, § 3, the provisions relating to judicial review of decisions of a board of appeals or other special permit granting authority appear in G. L. c. 40A, § 17.

[2] The board attempted to establish the fact that the admissions were never drawn to the attention of the judge by including in its brief an affidavit of counsel to that effect. The proper method for so doing is by a motion to a single justice of this court to enlarge the record appendix, or prior to argument, to ask leave, pursuant to Mass.R.A.P. 18(a), as amended July 1, 1979, 378 Mass. 940, to refer to portions of the record omitted from the appendix. An identical affidavit, however, was filed by the board with the trial court, and the appellant did not contest the facts asserted therein. See *United States Fid. & Guar. Co.* v. *N.J.B. Prime Investors,* 6 Mass. App. Ct. 455, 456 n.3 (1978). We are not bound by the

ery (e.g. interrogatories, depositions), the existence of facts developed in a response to a request for admissions requires introduction into the record in order for the party who relies upon it to obtain its benefit, including, of course, reference to it on appeal. "To use an admission at trial, one merely reads it into the record prior to the close of the evidence," at which time the opposing party may test the ability of the admission to withstand evidentiary objection. Smith & Zobel, Rules Practice § 36.9 (1975). The mere fact that a paper is found among the files in a case does not make it part of the record which the court must consider. *Avant, Inc.* v. *Polaroid Corp.*, 441 F.Supp. 898, 900 n.2 (D. Mass. 1977), aff'd 572 F.2d 889 (1st Cir.), cert. denied, 439 U.S. 837 (1978). Cf. *Rice* v. *United Air Lines, Inc.*, 10 F.R.D. 161 (N.D. Ohio 1950). See 8 Wright & Miller, Federal Practice and Procedure § 2264 (1970); 9 Moore's Federal Practice par. 210.04[1] (1975). Not only can a trial judge not be expected to take into account discovery material never adverted to, but, additionally, the party against which it is to be used has no opportunity to test its evidentiary competence, to illuminate its significance, and to move under Mass.R. Civ.P. 36(b), 365 Mass. 796 (1974), for withdrawal or amendment of the admission.[3] Discovery material on file but not called to the attention of the trial judge enjoys no better standing on appellate review than a motion filed but never presented, or evidence in possession or control of a party which was not introduced. See *McNamara* v. *Westview Building Corp.*, 4 Mass. App. Ct. 670, 672 (1976); *Kinchla* v. *Welsh,* 8 Mass App. Ct. 367, 372 n.6 (1979). In principle, attempting to argue the significance of material

---

failure of the parties to include that document in the appendix, though we are not required to go beyond the appendix. *Ainslie* v. *Ainslie,* 6 Mass. App. Ct. 692, 695 n.3 (1978). Cf. *Kunen* v. *First Agricultural Natl. Bank,* 6 Mass. App. Ct. 684 (1978).

[3] Unless the court on motion permits withdrawal or amendment of the admission, any matter admitted under rule 36 is conclusively established.

not before the court below is the same as arguing on appeal a point of law not raised before the trial judge. An attempt so to do brings nothing before the appellate court. See *Previte* v. *Butcher Boy Steak House, Inc.*, 3 Mass. App. Ct. 703 (1975); *Bendetson* v. *Coolidge,* 7 Mass. App. Ct. 798, 804-805 (1979). While Mass.R.A.P. 8(a), as amended, 367 Mass. 919 (1975), includes all original papers on file in the record on appeal and Mass.R.A.P. 18(a), 365 Mass. 864 (1974), permits parties to include in the record appendix to the appellant's brief any part of that record, the right of parties to have an appellate court consider a paper is circumscribed, for the reasons stated, by whether it was introduced into the record of proceedings before the trial judge.

2. Concerning the consequences of the plaintiff's construction proposal, the judge made detailed findings of fact, including that: most of the land which the plaintiff sought permission to fill is subject to flooding; the proposed filling of a canal by the plaintiff would defeat the drainage function which the canal served; the velocity of water flow over a dam in the Assabet River would be increased such that erosion of an existing dam, washing out of existing fill and a change in the course of the Assabet River were likely; compensatory water storage in the locus would be reduced; the land of others would be adversely affected; and filling the upstream end of the canal would contribute to stagnation and pollution in the downstream unfilled end, causing detriment to the public health. This sampling of the judge's findings does not exhaust his compilation of what was likely to go wrong if the plaintiff obtained the permit it wanted. We do not set aside findings of fact of a trial judge unless clearly erroneous, Mass.R.Civ.P. 52(a), 365 Mass. 816 (1974), and nothing in the record would warrant us in doing so in this case. Parenthetically we observe that none of the admissions of the board to which the plaintiff refers (relating to the existence of certain plans) were incompatible with the judge's findings.

These findings amply support the judge's determination that the board acted within its authority in denying the

plaintiff the special permit it sought. Under the applicable zoning by-law provision, § 4.2B(7), no land fill was permitted "in any part of the Flood Plain Conservancy District" without a special permit, and no special permit was to issue unless it were "proven to the satisfaction of the Board of Appeals, after the question has been referred to and reported on by the Planning Board and the Board of Health, as being in fact not subject to flooding or not unsuitable because of drainage conditions . . . and that the use . . . will not be detrimental to the public health, safety or welfare." The planning board of Concord reported that the proposed fill "would interfere with the protection against the hazards of flood water inundation which the Flood Plain Conservancy District is intended to provide," and the board of health reported that "the filling in of this one portion of the existing canal would be detrimental to the public health in respect to increased problems with pollution and stagnation in the adjacent portion of the canal . . . ."

No one, of course, has an absolute right to a special permit, *Humble Oil & Ref. Co.* v. *Board of Appeals of Amherst,* 360 Mass. 604, 605 (1971), and cases cited, and the board has the power to deny a permit as long as its decision is neither based on a legally untenable ground, nor is unreasonable, whimsical, capricious or arbitrary. *Pioneer Home Sponsors, Inc.* v. *Board of Appeals of Northampton,* 1 Mass. App. Ct. 830, 831 (1973). In view of the reports received from the planning board and the board of health, it can hardly be suggested that the board's decision in this case suffered from any of those infirmities.

3. The plaintiff asserts that the Concord flood plain zoning by-law is unconstitutional as applied because it leaves the plaintiff without any practical use of its property and, therefore, amounts to a taking by eminent domain without just compensation. Compare *Commissioner of Natural Resources* v. *S. Volpe & Co.,* 349 Mass. 104, 109-110 (1965). After *Turnpike Realty Co.* v. *Dedham,* 362 Mass. 221 (1972), cert. denied, 409 U.S. 1108 (1973), the prospects for the plaintiff's assault on this score are meager. That deci-

sion forecloses the argument that the exceedingly limited use which a flood plain zoning by-law may leave to the owner of land constitutes a de facto taking. *Id.* at 235-237. To escape the force of the *Turnpike Realty* case, the plaintiff emphasizes a finding of the judge that the plaintiff could not use its land "as it is now for access, general recreation or other uses permitted within the Flood Plain Conservancy District." The judge also found (although he called it a ruling of law) that the plaintiff's land was not worthless, which we read as a determination that the locus was not without residual economic utility. It is by no means clear from the record that the plaintiff could not use that portion of its land in the flood plain zone for some purpose which did not require filling, for example to enhance that portion of its land which is outside the flood plain. See *Mile Road Corp.* v. *Boston,* 345 Mass. 379, 383 (1963). As in *Turnpike Realty Co.* v. *Dedham,* 362 Mass. at 235, the land owner in this case is substantially restricted but "such restrictions must be balanced against the potential harm to the community." The likelihood of palpable damage to the surrounding area was considerable. Thus, as applied, the Concord by-law is an exercise of the police power which "regulates use of property because uncontrolled use would be harmful to the public interest" while "[e]minent domain, on the other hand, takes private property because it is useful to the public." *Turnpike Realty Co.* v. *Dedham,* 362 Mass. at 235, quoting from *Vartelas* v. *Water Resources Commn.,* 146 Conn. 650, 654 (1959). *Davidson* v. *Commonwealth,* 8 Mass. App. Ct. 541, 548 (1979).

4. There is no merit to the plaintiff's contention that a thirty-foot strip of its land is exempt from the flood plain controls because § 1B of the zoning by-law permits an owner whose lot straddles a zoning district line to extend the less restrictive use for a distance of thirty feet into the more restrictive district. It is apparent that the Flood Plain Conservancy District is a so called overlay district imposed over the underlying use district. Whether land is subject to the flood plain restrictions or is subject merely to the conditions

of the underlying zone is a function of the grade of the land. As to land below the grades specified in § 1E of the by-law, the flood plain controls override the controls of the underlying zone.

*Judgment affirmed.*