EDWARD M. STIVALETTA *vs.* ZONING BOARD OF APPEALS OF MEDFIELD.
December 15, 1981.  At the trial in the Superior Court of the plaintiff's
appeal from the board's denial of his application for a special permit to do
construction work in a watershed protection district, there was confusion
between the parties concerning the extent to which the plaintiff's pro-
posed use of fill might meet the requirements of §§ 11.5.1 through 11.5.4
of the Medfield zoning by-law.  The judge remanded the matter to the
board for further proceedings and specific findings on that issue.  The
board again denied the permit.  Upon the renewal of proceedings in the
Superior Court, the only evidence presented by the plaintiff was his
testimony to the effect that the board should have formulated and im-
posed conditions on a permit, rather than denying it.  See *MacGibbon* v.
*Board of Appeals of Duxbury*, 369 Mass. 512, 518-520 (1976).  The judge
concluded that the board had not exceeded its authority.  Because the
plaintiff had offered no evidence in the trial court on whether he had
complied with the preconditions for a special permit required by the zon-
ing by-law, the judge made no findings of fact.  We affirm.

1.  "[T]he board has the power to deny a permit as long as its decision
is neither based on a legally untenable ground, nor is unreasonable,
whimsical, capricious or arbitrary."  *S. Kemble Fischer Realty Trust* v.
*Board of Appeals of Concord*, 9 Mass. App. Ct. 477, 481 (1980). See also
*Pendergast* v. *Board of Appeals of Barnstable*, 331 Mass. 555, 558-560
(1954); *Subaru of New England, Inc.* v. *Board of Appeals of Canton*, 8
Mass. App. Ct. 483, 487-488 (1979).  The board made detailed and
specific findings upon which it grounded its denial, including its points of
disagreement with the testimony of the plaintiff's expert witness, an
engineer.  One of the board's ultimate findings reads:  "The health and
safety of the occupants of the dwelling proposed at the locus will be en-
dangered because the applicant proposes construction which does not
meet with [the] requirements of Section 11.5.1.1, and 11.5.1.3 . . . in
that he does not propose to elevate either the dwelling, the top of the foun-
dation or the driveway in the manner required for construction within the
Watershed Protection."  The plaintiff's testimony, which was to the effect
that the board should have imposed conditions and safeguards on the per-
mit, hardly satisfied his burden of demonstrating that his proposed use
would not endanger the health and safety of the district's residents or
other land within the district.  *Dowd* v. *Board of Appeals of Dover*,
5 Mass. App. Ct. 148, 154-155 (1977).  *Subaru of New England, Inc.* v.
*Board of Appeals of Canton*, 8 Mass. App. Ct. at 487-488.  Nor did it make
a dent in the board's findings that the plaintiff had not satisfied the quali-
fying criteria for a permit which appeared in §§ 11.5.1.1 and 11.5.1.3 of
the by-law.  The board, therefore, was without authority to grant the
plaintiff the special permit he had requested.

2.  Under the Medfield by-law the board can issue a special permit for
construction work in a watershed protection district "only if it finds that

the use of the premises will not endanger the health or safety of the occupants thereof or of other land in the Watershed Protection District," as well as making other specifically required affirmative findings. Because the board could not make a number of these mandated findings, it concluded that it was "powerless to grant" the permit. Even if the board possessed the authority under the by-law to grant exceptions or to impose conditions, but declined to exercise its discretionary power, see *MacGibbon* v. *Board of Appeals of Duxbury*, 356 Mass. 635, 638 (1970), and *Dowd* v. *Board of Appeals of Dover*, 5 Mass. App. Ct. at 156-157, we would not view this as one of those "exceptional cases where a board can be ordered to grant a special permit." *Subaru of New England, Inc.* v. *Board of Appeals of Canton*, 8 Mass. App. Ct. at 488. Compare *MacGibbon* v. *Board of Appeals of Duxbury*, 369 Mass. at 518-520.

*Judgment affirmed.*

*John R. Lamont* for the plaintiff.
*Charles Fuller, Jr.*, Town Counsel, for the defendant.