Stearns, J.
This case, which challenges the authority of the Cohasset Zoning Board of Appeals (the Board) to restrict the variety and size of containers of foods sold in a service station convenience mart, was heard by the undersigned Justice October 22, 1993. For the reasons stated, I conclude that the restrictions are unreasonable and must be annulled.
FINDINGS OF FACT
1. The focus of this dispute is a Mobil gasoline Station and convenience mart located at 190 King Street (Chief Justice Cushing Highway, Route 3A) in Cohasset. The station is sited in an area zoned by the Town of Cohasset as a Highway Business District. Cohasset’s Zoning By-Law allows the operation of a service station within a Highway Business District with a special permit. The sale of food is permitted as a matter of right.
2. In 1989, the previous owners of the site (the Parkinsons) decided to remove the station’s service bays and convert the garage into a retail variety store. While the plan involved no change in the footprint of the building, the installation of a canopy over a new pump configuration required a dimensional variance to comply with Cohasset’s set back ordinance.
3. On March 27, 1989, the Board approved the Parkinsons’ application for a variance, however expressing “its serious concerns about the operation of a full line convenience store on this site.” The Board also opined that “this site is not appropriate for this type of business and that another full line convenience store is not necessary in this area of town.” As a result the Board expressly conditioned the granting of the variance on the following restrictions:
Items sold on the premises shall be limited to (1) items incidental to a gas station such as oil and automobile accessories; (2) cigarettes and other smoking materials; (3) carbonated beverages by the case; and (4) individual serving sizes of snack foods and beverages such as candy, gum, crackers, potato chips, donuts, fruit juice, milk and carbonated beverages (collectively “snack items”). With the exception of the snack items referred to in the preceding sentence the sale of foods, beverages and other items typical of a small grocery store such as eggs, milk (other than individual serving sizes), canned goods, cleaning products, pet foods, and paper goods shall be prohibited.
4. In 1991, the Parkinsons sold the site to Mobil Oil. Mobil in turn leased it to Paul Vercollone and his brother Leo (corporately styled as Verc, Inc.). The Vercollones operate Mobil stations in Plymouth and Pembroke as well as Cohasset. Prior to taking the lease, Paul Ver-collone visited the site seventy or eighty times. The Parkinsons sold a full line of small grocery items at their store including most of those specifically prohibited by the condition attached to the 1989 variance.
5. The convenience mart, while an attractive building, is in less than a pristine setting. It is sited along a busy throughway (Route 3A) and is surrounded by small shopping plazas, grocery stores, fast food outlets, and specialty stores, including several nearby full line convenience markets.
*566 6. Approximately six months after Verc, Inc. took over operation of the convenience mart, a competitor, Robert’s Food Mart, complained to Richard Egan, the Town Building Inspector, about sales by Verc, Inc. of milk by the quart. After verifying that a restriction was in fact in place (something which neither he nor the Vercollones had previously known), Egan ordered all offending items off the shelves. Verc, Inc.’s sales of convenience items dropped immediately by a third.[1]
7. During the time that Verc, Inc. and the Parkin-sons were making unrestricted sales of grocery items, the Town received no complaints about parking, the obstruction of traffic, loitering, or excessive noise.[2]
8. On September 16, 1991, Verc, Inc. filed a petition seeking to amend the terms of the variance by eliminating the restrictions on the size and type of items Verc, Inc. was permitted to stock and sell. After a public hearing, the Board on December 23, 1991, refused to eliminate the restrictions. This appeal followed the Board’s decision.
RULINGS OF LAW
The Board’s adverse decision rested on two grounds. The principal ground was a procedural one, the Board insisting that Verc, Inc.’s application was intended to circumvent the failure of the Parkinsons to appeal the imposition of the restrictions in 1989 within the twenty days permitted by G.L. c. 40A, §17. See Konover Management Corp. v. Planning Board of Auburn, 32 Mass.App.Ct. 319, 323 (1992). The Board has since come to the view that G.L. c. 40, §16, only bars reapplication (without a change of circumstances) for a period of two years following an adverse decision. Because the present petition was filed on September 16, 1991, more than two years after the original decision was entered, it is not procedurally barred.
As its second ground, the Board took the position that the property was best dedicated to a single use (a filling station) and that an additional full retail store was not needed in the area. The Board also cited “subsidiary issues of additional traffic generation and parking capacity."
While a court must give deference to a zoning board in interpreting and applying its town’s by-laws, a board’s decision may only be upheld so long as it is “neither based on a legally untenable ground, nor is unreasonable, whimsical, capricious or arbitrary.” S. Kemble Fischer Realty Trust v. Board of Appeals of Concord, 9 Mass.App.Ct. 477, 481 (1980). The instant decision seems to have touched all of the forbidden bases. It is legally untenable because the Cohasset Zoning Bylaw, §4.1, clearly permits multiple (permitted) uses of a single lot. It is unreasonable because whatever fears the Board might have initially had regarding increased traffic have been contradicted by experience. It is whimsical and capricious in üeing a use restriction to a dimensional variance. And finally, it is arbitrary in distinguishing the sale of single food servings from the sale of the same food in larger containers (except curiously carbonated beverages) and food for human consumption from food intended for pets.
Ia sum, it is difficult to understand the Board’s decision as driven by anything other than a mercan-tilistic impulse to limit convenience store competition in the area where Verc, Inc. is located. Zoning has many laudable purposes, but stifling of competition is not one of them. See Circle Lounge & Grille v. Board of Appeal of Boston, 324 Mass. 427, 429-30 (1949).
ORDER
For the foregoing reasons, the decision of the Zoning Board of Appeals is ANNULLED. The case will be remanded to the Board which shall grant the requested amendment to the special permit without conditions. The plaintiffs request for costs and attorney’s fees is DENIED.

 the spring of 1992, Verc, Inc. ran afoul of the Building Inspector a second time when a local florist, Robert Davenport (also a town official), complained that Verc, Inc. was illegally selling fresh flowers.

 Mark DeGiacomo, the Vice-Chairman of the Board, conceded at trial that the only complaints about Verc, Inc.’s operation of the convenience mart had been received from competitors.