Toomey, J.
BACKGROUND
This matter commenced upon plaintiffs’ original complaint for judicial review, sub nom Aponte v. Roetzer, WSC No. 94-1986C. On May 23, 1996, the complaint was remanded (Roseman, J.) by agreement of the parties, to the defendants, the Zoning Board of Appeals for the City of Fitchburg. The purpose of the remand was to afford the defendants an opportunity to rehear the plaintiffs’ petition for a special permit.
The re-hearing was held on July 9, 1996 and, on August 13, 1996, the defendants voted (3-2) to deny the petition for special permit. Defendants’ decision was filed with the Fitchburg City Clerk on August 19, 1996.
On September 5, 1996, plaintiffs filed the instant complaint, sub nom Aponte v. Cordio, WSC No. 96-1902B, seeking, pursuant to G.L.c. 40A, §17, both the annulment of the defendants’ decision denying the petition and the grant of a special permit with or without conditions. The parties jointly moved to consolidate the two complaints and, on October 16, 1996, the motion was allowed (Sikora, J.). The consolidated complaints were tried before me on March 13, 1997, and counsel, at the court’s direction, filed memoranda in the nature of closing arguments on April 4, 1997.
FACTS
Based upon the evidence adduced at the hearing, I enter the following findings of fact:
1. Plaintiff, Tina Aponte, is a graduate cosmetologist, licensed by the Commonwealth, who has practiced her profession since 1982. She owned and managed a hair salon from 1985-94 in which were employed five other hairdressers. Ms. Aponte sold the business in 1994 because she had just given birth and was desirous of establishing a hairdressing business in her residence where she might more easily rear her child.
2. In May 1994, Ms. Aponte and her husband purchased the property at 562 Townsend Street, Fitchburg. The land comprised approximately one-half acre and the structure included approximately 2500 square feet. As the house was then in construction, the Apontes were able to modify its configuration *703 to accommodate the proposed home occupation Ms. Aponte hoped to establish.
3. Ms. Aponte sought a special permit from the Fitchburg Zoning Board of Appeals (ZBA) allowing her to practice a home occupation as an accessory use. She was referred by the ZBA to the Fitchburg Building Commissioner who, on May 19, 1994, issued a letter opinion asserting that the property was situated in Residence A-1 District and was categorized in Use Group R-4 (Single Family Dwelling), but could not be employed for a home occupation absent a special permit from the ZBA. The law provided that such a permit could be issued by the ZBA if the requested use involved less than 25% of the gross square footage of the home, if the owner of the business resided in the home and if the permit would terminate upon the cessation of ownership. Fitch-burg Zoning Ordinance, §181-20.
4. The square footage of the area of the residence dedicated to the home occupation (120 feet) is less than 25% of the gross square footage of the residence (2,500 feet).
5. Ms. Aponte is a resident of the home in which the home occupation is proposed.
6. The permit can be drafted so that it expires upon Ms. Aponte’s termination of her ownership of the home occupation.
7. Ms. Aponte intends that the home occupation:
a) will not be advertized by signage on the property,
b) will be limited to servicing customers by appointment only (there will be no “walk-in” clientele),
c) will be practiced no more than six hours each day, four days (Wednesdays through Saturdays) each week, and will serve no more than six to eight customers each day, and
d) will be supplied by Ms. Aponte’s off-site purchases and, occasionally, deliveries by the United Parcel Service.
8. Ms. Aponte intends to erect a fence between her property and that of the west abutter, the purpose of which is to diminish any adverse impact upon said abutter from the arrivals and departures of her customers. The west abutter’s property line is approximately twenty-one feet from the closest portion of Ms. Aponte’s residence, but there currently exists on said abutter’s property a natural screen of trees, brush and rocks. On the Aponte property, between the line and the residence, there are rocks, landscaping and fence posts (upon which will be erected the fence intended by Ms. Aponte). The west abutter’s residence is sixty feet from the property line and approximately eighty feet from the Aponte’s residence at its closest point.
9. The driveway leading from Townsend Street to the portion of Ms. Aponte’s residence where the home occupation will be practiced is of sufficient dimension to accommodate parking for one or two customers in addition to parking for the two Aponte family vehicles. The driveway also includes a “turn-around” which enables vehicles to enter and leave the premises in a forward gear.
10. In the vicinity of Ms. Aponte’s residence are several other properties on which are situated active businesses. Among those properties are:
a) “Walt’s Electric” — located at 553 Townsend Street across from the subject properly. Two to three commercial vehicles park regularly on the premises.
b) “Fitchburg Appliance” — located at 665 Townsend Street approximately 3/io of a mile from the subject property. Business includes retail-wholesale activities from residence. (Exhibit 16.)
c) “Eastwood Club” — located 7/io of a mile from the subject property. The business provides bar and dining services and hosts celebrations such as wedding receptions.
d) A working farm is situated across the street from the “Eastwood Club.”
e) “Park Variety” — located one mile from the subject property and on a street that is a continuation of Townsend Street. The store is a “convenience” establishment.
11. There have been no motor vehicle accidents in the vicinity of Ms. Aponte’s residence since her May, 1994, arrival and she has never experienced any traffic difficulty in entering or exiting her driveway.
12. At the time Ms. Aponte’s request for a special permit for home occupation at 562 Townsend Street was’ pending, the Fitchburg Zoning Board of Appeals allowed, on January 18, 1995, the petition of Walter Valcourt for a special permit for home occupation (“Walt’s Electric”) at 533 Townsend Street. In allowing the petition, the ZBA noted that “there was no more than twenty-five (25) percent of the gross square footage of the residence used for business . . . the applicants were the owners and occupants of the residence . . . [and] the special permit shall expire upon the termination of the ownership by the applicants.” (Exhibit 11.)
13. The ZBA decision denying Ms. Aponte’s petition rested upon the ZBA’s finding that:
a) the neighborhood is an A-l District and of the highest quality,
b) the proposed home occupation is an established business, previously conducted in a commercial location and is not appropriate for the residence,
c) the proposed home occupation is not in harmony with the neighborhood, and
d) traffic would increase and “may” be a safety hazard.
(Exhibit 13.)
DISCUSSION
Massachusetts General Laws c. 40A, §9 authorizes a municipal zoning board to issue a special permit only where its uses “are in harmony with the general purpose and intent of the [zoning] ordinance or *704 bylaw[s].” The statute further provides that “such permits may also impose conditions, safeguards and limitations on time or use.” M.G.L.c. 40A, §9. And because “no one, of course, has an absolute right to a special permit,” S. Kemble Fischer Realty Trust v. Board of Appeals of Concord, 9 Mass.App.Ct. 477, 481 (1980) (citing Humble Oil & Refining Co. v. Board of Appeals of Amherst, 360 Mass. 604, 605 (1971)), “the Board, in the proper exercise of its discretion, is free to deny a special permit even if the facts show that such a permit could be-lawfully granted." Pioneer Home Sponsors, Inc. v. Board of Appeals of Northampton, 1 Mass.App.Ct. 830, 831 (1973) (citing Gulf Oil Corp. v. Board of Appeals of Framingham, 355 Mass. 275, 277-78 (1969)).
The extensive power thus granted to a Board to refuse a permit is not, however, without some rational restraints. For example, a municipal zoning board has the discretionary power to grant or deny a special permit only “as long as its decision is neither based on a legally untenable ground, nor is unreasonable, whimsical, capricious or arbitrary.” S. Kemble Fischer Realty Trust v. Board of Appeals of Concord, 9 Mass.App.Ct. 477, 481 (1980) (citations omitted). See generally Subaru of New England, Inc. v. Board of Appeals of Canton, 8 Mass.App.Ct. 483, 487 n.6 (1979); Pioneer Home Sponsors, Inc. v. Board of Appeals of Northampton, 1 Mass.App.Ct. 830, 831 (1973). “The board’s action must be responsive to the plaintiffs petition and its decision must contain [a] ‘definite statement of rational causes and motives, founded upon adequate findings.’ ” MacGibbon v. Board of Appeals of Duxbury, 356 Mass. 635, 639 (1970) (citations omitted). Additionally, “[n]o special weight attaches to either the conclusions of law or findings of fact of a board of appeals on judicial review under M.G.L.c. 40A, §17. The trial judge hears the matter de novo and ‘determinéis] the legal validity of the decision of the board upon the facts’ which the judge finds.” Needham Pastoral Counseling Center, Inc. v. Board of Appeals of Needham, 29 Mass.App.Ct. 31, 32 (1990) (citations omitted). See also Josephs v. Board of Appeals of Brookline, 362 Mass. 290 (1972).
In sum, the §17 judge is to find the facts upon the evidence presented before the court and may annul the Board’s decision if those facts demonstrate that the Board’s determination was unreasonable, whimsical, capricious or arbitrary. At bar, the facts, fairly found, do demonstrate that the Board’s determination suffers from those ailments.
It is beyond cavil that Ms. Aponte meets the basic special permit requirements of the City of Fitchburg. Her proposed home occupation would quietly and peacefully use less than 25% of the square footage of her residence; she is a resident of the home in which the home occupation is proposed; and the special permit can be drafted so that it expires upon the termination of Ms. Aponte’s ownership of the home. See Fitchburg Zoning Ordinance, §181-20. Moreover, Ms. Aponte is willing to abide by reasonable restrictions placed upon the operation of her business (e.g., no signage, service limited to appointments only, limited hours of operation). See, id. at §181-48(f). Additionally, the reality that there are several active home businesses and other commercial uses in relative proximity to the area where Ms. Aponte proposes to establish her cosmetology shop is of persuasive significance. Those facts compel the conclusion that the ZBA’s denial of Ms. Aponte’s special permit application was unreasonable, arbitrary, whimsical and capricious.
ORDER
For the foregoing reasons, the ZBA’s denial of plaintiffs application for a special permit is ANNULLED on the grounds that it was unreasonable, arbitrary, whimsical, and capricious. It is hereby ORDERED , therefore, that a special permit is to issue and that this matter is to be remanded to the ZBA for its determination of conditions that will reasonably accommodate the interests of the City and of the Plaintiff.