Merrick, P.J.
This is a Dist/Mun. Cts. R A D. A, Rule 8A, appeal by defendants Joseph A Perkins and Christopher Perkins (collectively, the ‘Tenant’)[2] of a judgment for possession in this summary process action.
Plaintiff Melissa Brown (the “Landlord”) rented a condominium unit she owns to the Tenant originally under a lease for a term of a year and later under a tenancy at will, which commenced on April 1,2000. In October of 2000, the Landlord decided to sell her unit for financial reasons, and placed it for sale with the condominium properly manager, who was also a broker. The Landlord informed the Tenant of her intent to sell by a letter dated November 2,2000. On November 30,2000, the Landlord sent a formal notice to the Tenant through the properly manager, which read as follows:
November 30,2000
[Tenant’s name and address]
Re: Notice of Termination of Tenancy-At-Will Lease
Dear Mr. Perkins:
As the property manager for your apartment, this letter is intended to give you 60 days notice to terminate your Tenancy-At-Will Lease. Your landlord previously informed you of her intention to sell the apartment The unit will still be sold and we assume it will be owner-occupied. Therefore we’d like to give you as much time as is possible to find a new apartment If you fail to vacate the apartment on or before February 1, 2001,1 shall take due course of law to evict you.
[name of property manager].
The notice is dated November 30,2000, and states that it is intended to give 60 days notice and that the 60 day period expires on or before February 1, 2001, 62 days after the date on the notice. It is undisputed that the notice was not actually received by the Tenant until December 6,2000. This summary process action was commenced by service upon the Tenant on February 2,2001. As noted, judgment for possession was entered for the Landlord, and the Tenant has appealed.
1. The Tenant's initial claim of error arises out of his requests for admissions numbers 7 and 8, to which the Landlord did not respond. The Tenant argues that the trial judge erred in refusing to grant his requests for findings of feet which *215 were based on those unanswered requests for admissions. Requests for admissions 7 and 8 stated, respectively: “Plaintiff is relying on a 60 day notice to terminate in this action,” and “The tenancy agreement requires one party to give the other at least a 90 Day Notice to Terminate.”
It was the Tenants responsibility, as appellant, to prepare and submit the Rule 8A expedited appeal record which is before us. Singer v. DeMartino, 1999 Mass. App. Div. 7, 8 n.1: Rossi v. Oceanview Country Club, 1997 Mass. App. Div. 197, 198. There is nothing in that record which indicates that the Tenant’s requests for admissions were ever introduced into evidence during the trial, as would be necessary for them to he given effect S. Kemble Fischer Realty Trust v. Board of Appeals of Concord, 9 Mass. App. Ct. 477, 478-479 (1980) (requests for admissions must be offered into evidence so that inter alia, a party may seek relief from their effect); Meagher v. United States Fidelity & Guar. Co., 1994 Mass. App. Div. 134, 136.
2. The Tenants principal legal claim on this appeal, which was preserved by requests for rulings of law and motions,[3] is that the commencement of this action on February 2, 2001 was premature under the common law rule incorporated in Uniform Summary Process Rule 2 (b), which states: “service shall not be made prior to the expiration of the tenancy by notice of termination.” See Hodgkins v. Price, 137 Mass. 13, 18 (1884). That assertion depends in turn upon the Tenant's argument that the notice to quit was ineffective to terminate the tenancy on February 1,2001.
The requirements of a notice to terminate a tenancy at will without fault are set forth in G.L.c. 186, §12 and related case law.
The notice to quit is technical, and is well understood; it fixes a time at which the tenant is bound to quit, and the landlord has a right to enter, and a time at which the rent terminates. The rights of both parties are fixed by it, and are dependent upon it ... The lease is ‘determined’ by such notice, properly given, by either party. It is manifest, therefore, that when such consequences depend upon the notice to he given, the notice should fix, with reasonable exactness, the time, at which these consequences may begin to take effect [emphasis supplied].
Currier v. Barker, 68 Mass. (2 Gray) 224, 227 (1854). The notice in the present case states “with reasonable exactness” that the premises must he vacated by February 1,2001. The governing statute, G.L.c. 186, §12, provides:
Estates at will may be determined by either party by three months’ notice in writing for that purpose given to the other party; and, if the rent reserved is payable at periods of less than three months, the time of such notice shall be sufficient if it is equal to the interval between the days of payment or thirty days, whichever is longer.
“[T]he time specified in the notice for the termination must he a rent day.” Connors v. Wick, 317 Mass. 628, 630-631 (1945). Where, as in the instant case, the rent is payable monthly, the statute requires that the notice “must be given a full month prior to the next succeeding rent day.” Id. at 631. For purposes of compliance with the statute, the time period is calculated not from the date of the notice or the date it was delivered, but from the date on which the tenant or his agent received it Hodgkins v. Price, supra at 16-17.
The notice in this case was received by the Tenant on December 6, 2000. The *216 next rent day after a full rental period (January) was February 1, 2001, the date specified in the notice. The notice is in compliance with G.L.c. 186, §12. Although the notice to quit states the termination date of February 1,2001 “with reasonable exactness” and the notice complies with the statute, the Tenant argues that the reference to “60 days” in the notice prevents the notice from being effective until 60 days after December 6,2000, the date it was received. Nothing in the statute or relevant case law supports that interpretation. As long as the notice states the termination date with “reasonable exactness,” the date of receipt by the Tenant is used only to measure compliance with the statute.
Judgment affirmed.
So ordered.

 Defendant Joseph A Perkins is defendant Christopher Perkins’s father, and simply “cosigned” the original tenancy agreement

 To the extent that the Tenants notice of appeal refers to requests for rulings of law on other issues, those issues were not briefed and are deemed waived. Dist/ Mun. Cts. R A. D. A., Rule 16(a)(4). See DeVito Auto Restoration v. Card, 2000 Mass. App. Div. 245, 246 n.1.