DISSENTING OPINION
Coven, J.
The Majority Opinion, in discounting the Tenant’s argument that the February 2,2001 commencement of this summary process action was premature, relies upon Currier v. Barker, 68 Mass. (2 Gray) 224 (1854). The Majority correctly notes that a notice to quit is both “technical” and fixes three rights; i.e., the notice to quit “fixes a time at which the tenant is hound to quit, and the [time] the landlord has a right to enter, and a time at which the rent terminates.” Id. at 227. The Majority also correctly notes the statement in Currier that the fixation of the time at which the three rights are determined must be “with reasonable exactness.” Id. Yet the Majority Opinion then abandons its own recognition that notices to quit are “technical” and that the determination of the estate must be “with reasonable exactness” and summarily concludes, I believe incorrectly, that the “notice in the present case states ‘with reasonable exactness’ that the premises must be vacated by February 1, 2001 [emphasis added].” The fixation of time at which point there is a determination of rights is not done “with reasonable exactness.” Rather, the designated time falls anywhere between November 30,2001 and February 1,2001, a period of time that covers two rental periods.
Moreover, while I recognize that a date need not be stated in a notice to quit, nowhere have I found that a notice to quit is valid where the date of determination of rights is as selective as it is in this case. Notices, while not declaring a staled date, must be capable of being read as enabling a tenant to discern a “fixed” date. U-Dryvit Auto Rental Co. v. Shaw, 319 Mass. 684, 685 (1946); Sanford v. Harvey, 65 Mass. (11 Cush.) 93, 96 (1853). As stated in U-Dryvik “The date for termination need not be stated as a certain day. It is enough if it is designated in general terms and may be reasonably understood by the landlord and tenant as fixing a day certain [emphasis supplied].” U-Dryvit Auto Rental Co. v. Shaw, supra at 685. A date certain is generally expressed formally in a notice to quit by, as the Appeals Court has noted, the use of the following language: Tt being the intention of the [landlord] to terminate your tenancy, you are hereby notified to quit and deliver up at the expiration of that month of your tenancy which shall begin next after this date, the premises now held by you as tenant...” Hodge v. Klug, 33 Mass. App. Ct. 746, 748 n.3 (1992). See also LoRusso v. Talbot, 1999 Mass. App. Div. 301, 302 n.5 (“The notice to quit is proper on its tace as it notified the Tenant that her tenancy was terminated as of ‘the expiration of that month of your tenancy which shall begin next after this date.’”).
The only date that approaches certainty in the notice in this case is a date marked sixty days into the future from the receipt of the notice by the Tenant The notice sent was ineffective to determine the tenancy and, therefore, the commencement of this summary process action by service of process on the Tenant on February 2,2001 was premature. Accordingly, I respectfully dissent