van Gestel, Allan, J.
This matter is before the Court on two motions: Defendant Dr. Norville H. Dutton’s Motion for Summary Judgment, Paper #10; and Defendant Dr. Norville H. Dutton’s Motion to Strike, Paper #12. 

BACKGROUND

Dr. Dutton is being sued on an alleged personal guaranty by him of the obligations of New Health Dynamics Equipment, LLC, (“NHDE”), with regard to certain dental equipment leased to NHDE by the plaintiff, HPSC, Inc. (“HPSC”). Attached to the Complaint as Exhibit E is a Personal Guaranty (the “Guaranty”) which is the document that HPSC relies upon in its claim against Dr. Dutton. Dr. Dutton, in his answer, Paper #5 at para. 13, has denied that he executed the Guaranty.
Dr. Dutton also has submitted an affidavit, Paper #13, denying that he ever signed the Guaranty and stating that the signature thereon is not his.
On May 25, 2007, HPSC submitted responses to Dr. Dutton’s Rule 36 requests for admissions. Included were the following.
Req. 1: No one witnessed Dr. Dutton sign the Guaranty.
Ans. 1: Admit.
Req. 3: No one witnessed the signature on the Guaranty that you allege Dr. Dutton signed.
Ans. 3: Admit.
Req. 4: No one notarized the Guaranty that you allege Dr. Dutton signed.
Ans. 4: Admit.
Req. 7: No one can attest to the fact that the signature on the Guaranty is Dr. Dutton’s signature.
Ans. 7: Admit.
HPSC submitted an Affidavit of Robert S. Gannon (“Gannon”), Paper #11, its National Credit Manager. Gannon is not said to be a handwriting expert, nor has he ever met Dr. Dutton. Gannon works out of HPSC’s Boston headquarters. Dr. Dutton is a resident of Alabama.
After examining what he believes to be a copy of Dr. Dutton’s Alabama driver’s license, and a copy of another purported guaranty supposedly signed by Dr. Dutton, Gannon says that all three “Dr. Dutton” signatures “appear! ] to be the same exact handwriting as the signature on the Dutton Guaranty.”
This is the extent of the summary judgment record.

DISCUSSION

Rule 56(c) of the Massachusetts Rules of Civil Procedure, 365 Mass. 824 (1974), provides that summary judgment is appropriate “if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.” We view the evidence in the light most favorable to the non-moving parly. See BayBank v. Bornhofft, 427 Mass. 571, 573 (1998).
Vittands v. Sudduth, 49 Mass.App.Ct. 401, 405-06 (2000).
Thus, summary judgment is granted where, viewing the evidence in the light most favorable to the non-moving parly, there are no issues of genuine material fact, and the moving parly is entitled to judgment as a matter of law. Cabot Corporation v. AVX Corporation, 448 Mass. 629, 636-37 (2007); Hakim v. Massachusetts Insurers’ Insolvency Fund, 424 Mass. 275, 281 (1997); Kourouvacilis v. General Motors Corp., 410 Mass. 706, 716 (1991); Cassesso v. Commissioner of Correction, 390 Mass. 419, 422 (1983); Mass.R.Civ.P. 56(c). “(T]he moving party must establish that there are no genuine issues of material fact, and that the non-moving party has no reasonable expectation of proving an essential element of its case.” Miller v. Mooney, 431 Mass. 57, 60 (2000). See also Pederson v. Time, Inc., 404 Mass. 14, 17 (1989).
Like Dr. Dutton here, a party moving for summary judgment who does not have the burden of proof at trial may demonstrate the absence of evidence of a *109 triable issue either by submitting affirmative evidence that negates an essential element of the opponent’s case or by “demonstrating that proof of that element is unlikely to be forthcoming at trial.” Flesner v. Technical Communications Corp., 410 Mass. 805, 809 (1991).
As noted above, the claim against Dr. Dutton is that he guaranteed to pay the debt of NHDE. HPSC, therefore, “is seeking to recover ‘upon a special promise to answer for the debt... of another’ which ... is within the statute of frauds.” G.L.c. 259, sec. 1, Second. Duca v. Lord, 331 Mass. 51, 52 (1954).
Dr. Dutton, in his Fourth Defense, pleads that “(t)his action is barred by the Statute of Frauds.” See Answer, Paper #5. It thereby becomes the burden of HPSC “to prove . . . the existence of an adequate memorandum of the commitment, signed by” Dr. Dutton. Espy v. Eells, 349 Mass. 314, 316-17 (1965).
Dr. Dutton then points to his affidavit, Paper #13, in which he denies signing the Guaranty, and states that the “signature on the personal guaranty that is attached to the Complaint as ‘the Dutton Guaraniy’ is not my signature.” He argues that this affidavit is sufficient affirmative evidence to negate an essential element of HPSC’s case.
Dr. Dutton also points to HPSC’s responses to his requests for admissions as establishing that HPSC will be unable to prove that a memorandum signed by Dr. Dutton exists.
HPSC points to the Gannon affidavit, Paper #11, and argues as well that Dr. Dutton has not shown that HPSC will not be able to prove at trial that he signed the Guaranty.
At this point in the analysis, the Court must focus on Dr. Dutton’s motion to strike paragraphs 3, 4 and 5 of the Gannon affidavit, Paper #12. The Court quotes those paragraphs in their entirety.
3.More specifically, I am responsible for overseeing HPSC’s claim against New Health Dynamics Equipment, LLC (“New Health”), Dr. Norville H. Dutton (“Dr. Dutton”) and Michael D. Vessey (“Mr. Vessey”) (together, the “Defendants”) with respect to that certain finance agreement (more fully described in the accompanying Memorandum in Opposition to Defendant’s Motion for Summary Judgment), under which HPSC financed New Health’s purchase of certain dental equipment (the “New Health Finance Agreement”). A true and accurate copy of the New Health Finance Agreement is attached hereto as Exhibit A. Dr. Dutton guaranteed the obligations of New Health by executing a personal guaraniy dated on or about May 5, 2003 (the “Dutton Guaranty”) under which he unconditionally and absolutely guaranteed and an all of New Health’s obligations to HPSC. A true and accurate copy of the Dutton Guaranty is attached hereto as Exhibit B.[2] As guarantor of New Health’s obligations under the New Health Finance Agreement, Dr. Dutton is absolutely and unconditionally liable for all amounts due under the New Health Finance Agreement. Dr. Dutton has failed to pay any of such amounts and is thus in breach of his obligations to HPSC under the Dutton Guaranty.
4. In claiming that he never signed the Dutton Guaranty, Dr. Dutton implies that someone forged his signature, since the signature on the Dutton Guaranty reads “Dr. Norville Dutton.” In the ordinary course of obtaining documentation from prospective guarantors in connection with entering into the New Health Finance Agreement, HPSC acquired a copy of Dr. Dutton’s Alabama driver’s license, attached hereto as Exhibit C. The signature on Dr. Dutton’s driver’s license appears to be the same exact handwriting as the signature on the Dutton Guaranty and is also signed as “Dr. Norville H. Dutton.”
5. Dr. Dutton signed and Trella C. Dutton witnessed a Personal Guaranty on May 5, 2003 under which he unconditionally and absolutely guaranteed any and all of New Health Dynamic Inc.’s obligations to HPSC, a copy of which is attached hereto as Exhibit D (the “Initial Dutton Guaranty”). This was a documentation inaccuracy whereby New Health Dynamics, Inc was listed as the name of the Borrower instead of New Health Dynamics, LLC. The signed and witnessed Initial Dutton Guaranty, however, also has the same distinct handwriting that appears on both the Dutton Guaranty and Dr. Dutton’s drivers license. The Initial Dutton Guaranty was later replaced by the Dutton Guaranty which by administrative oversight was not witnessed.
Inadmissible hearsay in an affidavit supporting or opposing summary judgment must not be considered. See, e.g., Symmons v. O’Keeffe, 419 Mass. 288, 295 (1995); Madsen v. Erwin, 395 Mass. 715, 721 (1985); TLT Const. Corp. v. A. Anthony Tappe & Associates, Inc., 48 Mass.App.Ct. 1, 11-12 (1999). Nor are statements not made on personal knowledge. See, e.g., Commonwealth v. Whitehead, 379 Mass. 640, 657 (1980).
Further, a lay witness cannot identify an individual’s signature or handwriting unless he or she is familiar with the signature or handwriting. Commonwealth v. Ryan, 355 Mass. 768, 771 (1969). To become familiar requires seeing a person’s signature or handwriting on numerous occasions. The familiarity must be “considerable.” Noyes v. Noyes, 224 Mass. 125, 130 (1916). See also United States v. Hines, 55 F.Sup.2d 62, 69 (D.Mass. 1999).
Paragraphs 3, 4 and 5 of the Gannon affidavit are replete with inadmissible evidence that should not be considered in opposition to Dr. Dutton’s motion for summary judgment. Consequently, the motion to strike those paragraphs will be allowed.
*110 The Court turns next to HPSC’s responses to Dr. Dutton’s requests for admissions. Mass.R.Civ.P. Rule 36(b) provides that “(a]ny matter admitted under this rule is conclusively established unless the court on motion permits withdrawal or amendment of the admission.” See S. Kemble Fischer Realty Trust v. Board of Appeals of Concord, 9 Mass.App.Ct. 477, 479 n.3 (1980). Thus, it is conclusively established that: no one witnessed Dr. Dutton sign the Guaranty; no one witnessed the signature on the Guaranty that HPSC alleges Dr. Dutton signed; no one notarized the Guaranty that HPSC alleges Dr. Dutton signed; and no one can attest to the fact that the signature on the Guaranty is Dr. Dutton’s signature.
Given the combination of Dr. Dutton’s unopposed affidavit and HPSC’s responses to his requests for admissions, Dr. Dutton has demonstrated that proof of his execution of the Guaranty, a necessary element in HPSC’s case, is unlikely to be forthcoming at trial.

ORDER

For the foregoing reasons, Defendant Dr. Norville H. Dutton’s Motion for Summary Judgment, Paper #10, and Defendant Dr. Norville H. Dutton’s Motion to Strike, Paper #12, are each ALLOWED, and the complaint as against Dr. Dutton shall be dismissed.

Exhibit B to the Gannon affidavit is the same document that is Exhibit E to the Complaint.