Merrick, J.
The plaintiff, Robert Lauzon (“Lauzon”), did business as Alignments Plus on property located at 63 Enterprise Road in Hyannis (the “property”), and owned by Enterprise Road Realty Trust (“trust”). Lauzon was the son-in-law of the owner of the property, Larry Mahan, who died in 2005. Lauzon generally “looked after” the property, but did not collect rent from the other tenants. Another portion of the premises was occupied by the defendant, Tony Fajao (“Fajao”), who did business at that location as Cape Cod Collision. Fajao had been a tenant of a part of the property for many years, including the nine years that Lauzon had occupied another part of it. Following the death of their father in 2005, Lauzon’s wife, Linda Lauzon, and her brother, Lawrence Mahan, Jr., became the trustees of the trust.
On February 20,2007, Lauzon delivered to Fajao a notice to “Cape Cod Collision” from “Linda Lauzon, Trustee of Enterprise Road Realty Trust,” stating:
Enterprise Road Realty Trust has recently entered into an agreement with Robert A. Lauzon, DBA Alignments Plus, for the purchase of premises and buildings located at 63 Enterprise Road Hyannis, MA 02601.
Please be advised that as of February 16, 2007, all future rental payments must be made payable to Robert A Lauzon DBA Alignments Plus, 63 Enterprise Road Hyannis, MA 02601. Robert A Lauzon is now the landlord of record and will be contacting you soon with regard to a new lease and its terms.
Thereafter, Fajao executed an undated written agreement for his lease of the property as a tenant at will, beginning March 1, 2007, with Lauzon, who signed as “Landlord.” Pursuant to that lease, Fajao paid Lauzon $1,700.00 rent for March, 2007, and $3,200.00 per month rent for April, 2007 and succeeding months. During his direct testimony, Lauzon attempted to explain his agreement with the trust, but Fajao successfully objected on hearsay grounds. During the cross-examination of Lauzon, the judge ruled that because Lauzon was not the owner of the property, he did not have a “greater possessory right” to the property than the tenant. Athough Lauzon’s counsel stated that he also wanted to call the trustee as a witness, the judge ruled that Fajao was entitled to judgment as a matter of law. Lauzon filed this appeal.
1. Lauzon argues on this appeal as he did in the trial court that, since Fajao signed a lease with him, Fajao may not now claim that Lauzon has no possessory right to the prem- *170 fees. Lauzon relies on the rule that “one who enters and occupies the land of another as the tenant of the latter is estopped to dispute the tide of his landlord.” Connors v. Wick, 317 Mass. 628, 630 (1945). Fajao claims that he was induced to enter into the lease only by Lauzon’s fraud in representing himself as both the property owner and the landlord. That argument misses the point Lauzon and the trust represented only that Lauzon was the future owner who had been given the rights of the landlord with immediate effect
A better argument by Fajao is that he did not enter upon the premises by virtue of the lease with Lauzon. He was already there. The Connors v. Wick rule quoted above “is based on the notion that the tenant’s right to occupy the property is derived solely from his arrangement with the landlord and that he is not in a position, therefore, to complain about the landlord’s status.” Griffin v. Cogliano, 2002 Mass. App. Div. 55, 57. Fajao had a basis other than the lease with Lauzon for his right, such as it was, to occupy the property, namely, his status as a holdover tenant of his deceased landlord, Larry Mahan.
However, if Lauzon had been assigned the rights of the trustees, who were in turn the successors of Fajao’s late landlord from whom he originally obtained possession, then Fajao, under the rule in Connors v. Wick may not be heard to complain of Lauzon’s right to seek to recover possession. While the notice to Fajao from the trust, recited above, suggests that Lauzon acquired such rights from the trustees, the court excluded Lauzon’s proffered testimony of his agreement with the trust. That evidence should not have been excluded. The arrangement between Lauzon and the trust was a legal act consisting of operative words that “[were] not offered for the truth of the matter asserted but to prove that the statements were made, giving rise to legal rights and duties.” Fahey v. Rockwell Graphic Sys., Inc., 20 Mass. App. Ct. 642, 654 (1985). Similarly, it was error to close the evidence, effectively excluding Lauzon’s offer of the testimony of his wife, the trustee, on the same subject
2. Connors v. Wick is also well known as the source of another oft-quoted proposition, which may be relevant at future proceedings in this case, that
‘the time specified in the notice for the termination must be a rent day.’ (Citation omitted) Where, as in the instant case, the rent is payable monthly, the statute requires that the notice ‘must be given a full month prior to the next succeeding rent day.’
Brown v. Perkins, 2001 Mass. App. Div. 214, 215, quoting Connors, supra at 630-631.
At trial, Lauzon testified that on May 17,2007, he handed Fajao a “request to quit” bearing the unspecified date of “May, 2007.” The text, in its entirety, stated:
I, Robert A Lauzon, owner of certain real property located at 63 Enterprise Road, request that Tony Fajao, DBA Cape Cod Collision, vacate the property, 63A Enterprise Road, Hyannis, MA within 30 days from the date of this notice.
If that was intended to be the notice to quit upon which this summary process action was premised, it appears to be insufficient. We do not rule on the issue, however. The topic was neither raised below, nor briefed on appeal.
Judgment for the defendant is vacated, and this action is returned to the Barnstable Division of the District Court Department for a new trial.
So ordered.